In the Matter of the Judicial Settlement of the Account of MARCUS D. BOTSFORD and JOSHUA PRATT, as Surviving Executors of the Will of DEVILLO WHITE, Deceased.

MARCUS D. BOTSFORD, Appellant; CHARLES A. FULLER, as Administrator with the Will Annexed of LINN S. SHIPMAN, Deceased, Respondent.

*Will — a fund of which the income is to be paid to one for life, and amounts aggregating more than the fund are given therefrom to various legatees — insufficiency of the fund to pay all such legatees — a void legacy goes to them and not into the residuary estate.*

A testator by his will gave the interest on $40,000 to his wife during her life, and on her death gave the same to various legatees in amounts the aggregate of which exceeded, by several thousand dollars, the $40,000 fund. He also gave other legacies, and provided that if his estate be not sufficient " to pay all the legacies above-mentioned in full, they are to be paid *pro rata*, excepting the legacy of $40,000 to my wife Caroline."

The residue of the estate, after paying one other legacy, was given in equal portions to eight parties.

The executors' accounts were settled as to all the estate except the $40,000 fund, and, after the death of the widow, on a judicial settlement of the accounts of the executors relating to such fund, it appeared that it amounted to just $40,000, and that one of the legacies given out of the fund on the death of the widow was void because of the indefiniteness of the beneficiaries.

*Held*, that the amount of the void legacy did not pass to the residuary legatees, but to the remaining legatees entitled to share in remainder in the $40,000 fund — the provision of the will in reference to the said fund giving " the said $40,000 and accrued interest or income so held in trust " to the beneficiaries named, showing that the testator had an idea that the fund was or might be more than $40,000, and the fund being separate from the balance of the estate, probably to continue for many years after all or most of the other provisions of the will were executed, and there being no division, in terms, by the testator of the fund into specific or aliquot parts, although there were designations of certain amounts given to the respective beneficiaries;

That the testator having in view particular objects of his bounty, as regards this fund, a construction would not be favored that would divert any part of the fund to other objects until the legacies given therefrom were fully paid.

APPEAL by Marcus D. Botsford, one of the legatees named in the last will and testament of Devillo White, deceased, and the owner by transfer and assignment of the residuary funds of said estate of

said deceased testator, from portions of a decree of the Surrogate's Court of the county of Chenango, entered in said Surrogate's Court on the 21st day of March, 1898.

The controversy upon this appeal relates to the 5th clause of the will of Devillo White. The will bears date December 6, 1882,* was wholly in the handwriting of the testator, and was duly admitted to probate on the 31st of May, 1882. After a provision for the payment of debts and expenses and some specific bequests and devises to his wife and others, there came the 5th clause as follows :

"*Fifth.* I give and bequeath the interest or income on forty thousand dollars to my well-beloved wife Caroline during her natural life, and hereby direct my executors, hereinafter named, to pay to her, my wife Caroline, said interest or income every six months upon taking her receipt for the same, and I do further herein direct and declare that the provisions in this my will contained for the benefit and in maintenance of my well-beloved wife Caroline, and the various gifts and bequests herein made to her, or for her benefit, are to be received by her and are to be in lieu of dower in any and all my other property I may be seized or possessed at the time of my decease. And on decease of my said wife Caroline I do hereby give and bequeath the said forty thousand dollars and accrued interest or income so held in trust by my executors or their survivor or survivors, to the Talladega College of Alabama (5) five thousand dollars; to the Congregational church in the village of Sherburne (5) five thousand dollars; to the Methodist Episcopal church in said village of Sherburne three (3) thousand dollars; to the Universalist church in said village of Sherburne (2) two thousand dollars; to the Baptist church in said village of Sherburne (1) one thousand dollars; to the Protestant Orphan Asylum of the city of Utica (1) one thousand dollars; to the supervisor of the town of Sherburne and his successors in office (5) five thousand dollars in trust, the interest or income only to be used in the support and relief of poor widows and fatherless and orphan children in the town of Sherburne as he, the said supervisor, may deem meet and proper; to Charles Lyman Carrier one thousand (1) dollars; to Devillo White, son of Alexander White, (5) *thousand dollars; to M. D. Botsford (5) five thousand dollars; to Alexander White (5) five thousand dollars; to

---

* *Sic.*

L. S. Shipman (2) two thousand dollars; to Ellen Van Keuren (2) two thousand dollars; Annie R. Botsford (2) two thousand dollars."

In the subsequent clauses prior to the 14th, other bequests were made, and in the 14th clause there was the general provision that if his estate was not sufficient " to pay all the legacies above mentioned in full, they are to be paid *pro rata* excepting the legacy of $40,000 to my wife Caroline." In the 15th clause the residue of the estate, after paying one other legacy, was given in equal portions to eight parties. Executors were appointed by the 16th clause.

In 1885 there seems to have been a settlement of the accounts of the executors practically as to all of the estate except the $40,000 fund. The widow died on the 6th of December, 1897, and thereupon the present proceeding was brought for a final settlement. The fund in the hands of the executors under the 5th clause amounts to just $40,000. The respondent, Charles A. Fuller, is the administrator with the will annexed of L. S. Shipman, named in the 5th clause as legatee of $2,000.

The surrogate decided that the bequest of $5,000 to the supervisor of the town of Sherburne was void because of the indefiniteness of the beneficiaries. It was found that the appellant Botsford was the owner by assignment and entitled to receive all of the residuary personal estate passing under the 15th clause. He asked the court to hold that the void legacy or whatever the legatee would have been entitled to receive if valid, passed to the residuary legatees. The court declined to so hold, but held that the remaining legatees, including the respondent, were entitled to be paid in full as the fund was sufficient for that purpose. The appeal is by Botsford individually from so much of the decree as so holds, and in accordance therewith directs that respondent is entitled to full payment.

*D. L. Atkyns*, for the appellant.

*Charles A. Fuller*, respondent, in person.

MERWIN, J.:

The legacies in form given by the 5th clause of the will amount to $44,000. The fund is only $40,000. One of the legacies, that of $5,000 to the supervisor of the town of Sherburne, is invalid. The fund then being sufficient to pay the valid legacies, is the respondent,

who represents the legacy of $2,000 to L. S. Shipman, entitled to full payment? The appellant, representing the residuary legatees, claims that they are entitled to whatever amount would have been applicable upon the invalid legacy, had it been valid, upon the theory that the residuary legatee is entitled to lapsed legacies, and that the respondent can derive no benefit from the lapse or invalidity of the $5,000 legacy. The claim is that the respondent is only entitled to two forty-fourth parts of $40,000.

The case of *Page* v. *Leapingwell* (18 Ves. 463) is relied on by the appellant. In that case, where several legacies to the amount of £10,000, were given, payable from a fund to be produced from the sale of certain property and expected to be at least £10,000, but turned out to be less than £7,000, and two of the legacies were void under a certain statute, it was held that the legacies were specific and must abate proportionately, and that the void legacies fell into the general residue.

In the later case of *Eales* v. *Drake* (L. R. [1 Ch. Div.] 217), a testator, having power to appoint by will £7,000, made a will appointing sums to the amount of £10,000. One of the appointees in the amount of £4,000 died in the testator's lifetime. It was held that the other appointees and not the persons who would take in default of appointment were entitled to the benefit of the lapse. It was said that the death of the appointee augmented the fund exactly in the same way as if the testator had given pecuniary legacies of greater amount than his whole personal estate and then one of the legatees had died.

In *Raikes* v. *Raikes* (L. R. [45 Ch. Div.] 66) the testatrix bequeathed her diamonds upon trust for sale and thereout to pay two legacies of £600 and £700. The will contained a residuary bequest, but did not otherwise deal with the surplus, if any, of the proceeds of sale. The diamonds only realized £900. The legacy of £700 was void. It was held that the £600 legacy was not liable to abate in favor of the residuary legatee, but was in effect a first charge on the proceeds of sale which must be satisfied before the residuary legatee could take anything. The *Page* case was distinguished, it being said that, in that case, there was in substance a division of the sum of £10,000 in specific or aliquot portions among named legatees who were to take as tenants in common in the pro-

portions named, so that if the gift to one failed that event did not increase the benefit intended to be given to the other tenants in common.

The case of *Wetmore* v. *St. Luke's Hospital* (56 Hun, 313) is relied on by the respondent. In that case the testatrix, after making certain specific devises and bequests, directed by the 7th clause of her will that the rest of her estate be converted into cash and certain legacies be paid therefrom. By the 8th clause she directed that after the payment of the legacies and provisions for annuities in the 7th clause, the executor should pay out of the proceeds certain other legacies. There was a residuary clause. Two of the legacies in the 7th clause were ineffectual. The trial court decided that those legacies went to the residuary legatees, although the balance of the estate was insufficient to pay the legacies in the 8th clause. This was held to be error, it being said that the will was to be construed as though the ineffectual legacies were not in the will at all. The legacies in the 8th clause were treated as general legacies, and in that respect, the appellant here claims, the case is different from the present one.

It is to be observed that the fund as described in the will is: "forty thousand dollars and accrued interest and income." The testator, therefore, acted upon the idea that the fund was or might be more than $40,000. It was also a fund separate from the balance of the estate, and might continue for many years and after all or most of the other provisions were executed. There was not, in terms at least, any division by the testator of the fund into specific or aliquot parts. There was no specific disposition of any particular part of the fund. There were designations of certain amounts to certain parties. One designation, however, was of such a character that in law it was no designation at all, and, if not, then the other designations did not exceed the amount in fact of the fund. In this view the *Eales* case would be somewhat analogous.

It is quite apparent that, as to this fund, the testator had particular objects of his bounty, and, therefore, a construction would not ordinarily be favored that would divert any part of the fund to other objects until the legacies were fully paid. The legacies are general so far as this fund is concerned, and in that view might be deemed a charge upon the fund, and if so, a residuary legatee would take

nothing until the charge was fully satisfied, as in the case of a general legacy.

The question seems to be whether the gift is a charge upon the fund, or a disposition of an aliquot part of it (*Matter of Jeaffreson's Trusts*, L. R. [2 Eq. Cas.] 282). It should, I think, under the circumstances presented here, be deemed a charge and entitled to full payment as against the residuary legatee.

It follows that the appeal is not well taken.

All concurred.

Decree so far as appealed from affirmed, with costs.