BAKER v. GEROW et al.

(Supreme Court, Chautauqua County, Niagara County Chambers. October, 1910.)

1. WILLS (§ 440*)—CONSTRUCTION—INTENTION.

It is not the intention simply of testator, but his expressed intention, the intention which the will, from the words used by testator, either expressly or by implication declares, which is to be sought, and given effect to, in construing a will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 956; Dec. Dig. § 440.*]

2. WILLS (§ 497*)—CONSTRUCTION—BENEFICIARIES—"CHILDREN."

Under the clause of a will giving the residue of the estate to executors in trust to divide in five equal shares, and pay annually the income of one to A., or to her children, for the support and maintenance of herself and children, as the executors may think best, A. dying, and thereafter one of her children dying, leaving a child, the income goes to her surviving children only; the word "children" not including grandchildren, unless there is something in the will to show that the word is used in the broader sense.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1080–1086; Dec. Dig. § 497.*

For other definitions, see Words and Phrases, vol. 2, pp. 1115–1141; vol. 8, p. 7601.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

3. WILLS (§ 497*)—CONSTRUCTION—BENEFICIARIES—"CHILDREN."

By the fifth clause of his will testator gave the residue of his estate to his executors in trust to divide into five equal shares, and pay annually the income, one share to A. (his daughter) or to her children, for the "support and maintenance" of herself and children, as the executors may think best; one share to M. (another daughter); one share to each of his daughters R. and S.; and one share to his son H. By the sixth clause he provided that the principal of the residue should be divided, 20 years after his death, or on the death of the survivor of R. and S., if before that time, one-fifth to R. and one-fifth to S., or to such person or persons as they shall appoint by will; and, in case one of R. and S. shall decease leaving no lawful issue and no will, then the survivor to receive the share of both; one-fifth to M., if she be living at the date of the division; one-fifth to the child or children of A. living at the time of such division; one half of one-fifth share to H., and to his children, provided such children or H. be living at the time of such division; and the other half of said share to R. and S., share and share alike. By the seventh clause he directed the executors out of the principal of the shares directed to be held in trust for "my children," in addition to the payment of income provided, to pay each year $1,000 of the principal of said shares to each of "my children." *Held* that, in view of the sixth clause naming as beneficiaries of the trust the children of H. and A. living at the time of the final distribution of the estate the word "children" in the seventh clause is used in a broad sense, and includes the children of H. and A., as well as of testator; so that advancements of principal, under the seventh clause, after the deaths of H. and A., go not to their estates, but to those who, as each advancement is made, answer the description of their surviving children.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1080–1086; Dec. Dig. § 497.*]

4. WILLS (§ 630*)—CONSTRUCTION—VESTED GIFT.

Under the clause of a will giving the residuary estate to the executors in trust, who shall divide it into five equal shares, and shall pay the income annually share and share alike, one share "to my son H.," the bequest of income is a vested gift, which passes to H.'s estate on his death, and is payable to his executors.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1487; Dec. Dig. § 630.*]

5. WILLS (§ 630*)—CONSTRUCTION—VESTED GIFTS.

Under a will giving property to the executors in trust to pay the income annually, as directed, till a certain time, or the happening of a certain event, and at such time or the happening of such event to divide the principal, a certain share to the child or children of A., living at the time of such division, and a certain share to H. and to his children, providing such children or the said H. being living at the time of such division, the gifts of principal are not vested, but H. and any child of him or A. take only in case he or she is living at the time of distribution; and children of a deceased child of A. or H. do not take.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1464–1480; Dec. Dig. § 630.*]

Action by Sarah Wright Baker, executrix of and trustee under the will of David Wright, deceased, against John Y. Gerow and another, executors of and trustees under the will of S. Hudson Wright, deceased, and others, for construction of a will. Will construed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. L. Hurlbert, for plaintiff.

A. H. F. Seeger, for defendants Wright's executors and guardian ad litem of Wright infants.

W. S. Thrasher, for defendant Hallock.

Weeks & Ross, for defendants Colgan and others.

POUND, J.  David Wright died May 2, 1900.  He left a last will and testament, executed February 1, 1894, the material portions of which, so far as this action is concerned, read as follows:

"Fifth. All the rest, residue and remainder of my estate both real and personal, wheresoever the same may be situate, of every kind, name and nature. owned by me at the time of my death, I give, devise and bequeath unto my executors, hereinafter named, and to the survivor of them, with full power to sell and convey any and all real estate that I may own at the time of my death, in trust, nevertheless, for the purposes herein following:

"My executors shall divide the said residue and remainder into five equal shares and they shall pay the net rents, issues, income and profits of said property and estate annually, share and share alike, as follows:   One share thereof to said Adeline M. Hallock or to the children of said Adeline M. for the support and maintenance of herself and children as the said executors may think best, subject to this provision.  I have hereunto advanced to said Adeline M. Hallock more than ten thousand dollars ($10,000).

"I direct my executors to retain one thousand dollars ($1000) in each year after my decease out of said share of said income, rents and profits, until the whole sum of ten thousand dollars ($10,000) shall have been retained.

"One share thereof to Mary E. Tuthill.

"One share thereof to each of my daughters Sarah R. Wright and Susan Wright, and one share thereof to my son Schuyler H. Wright, subject to the following provisions—

"I have advanced to said Schuyler more than ten thousand dollars ($10,-000).  I direct my executors to retain one thousand dollars ($1000) in each year after my decease, out of said share of said income and profits until the whole sum of ten thousand dollars ($10,000) shall have been retained.

"Sixth. The principal sum of said residue and remainder shall be divided by my executors at the death of the survivor of my daughters Sarah and Susan, unless the survivor of them shall live for more than twenty years after my decease, in which case I direct my executors to make division of said principal sum at the expiration of twenty years after my decease as follows:

"One-fifth of said principal sum of said residue and remainder to my daughter Sarah R. and one-fifth thereof to my daughter Susan, or to such person or persons as they respectively shall by will appoint or direct to receive the same.

"In case one of my said daughters Sarah R. or Susan shall decease leaving no lawful issue and no will, then and in that case the survivor of them shall receive and take the share of both.

"One-fifth share thereof to my daughter Mary E. Tuthill, providing she shall be living at the date of the division of said principal sum of said remainder.

"One-fifth thereof to the child or children of the said Adeline M. Hallock living at the time of such division.

"One-half of one-fifth share to my son Schuyler H. Wright, and to his children, providing such children or the said Schuyler be living at the time of such division.

"The other half of said share to my daughters Sarah R. and Susan, share and share alike.

"Seventh. I direct my executors out of the principal of the shares above directed to be held in trust for my children in addition to the payment of income provided, to pay the sum of one thousand dollars ($1000) of the prin-

cipal of said shares in each year to each of my children, with full authority after the first year from my decease, to increase such payment of principal to each of said children to the sum of three thousand dollars ($3000) in each year or in any year, if in the judgment of said executors, or the survivor of them, such increase and payment be expedient and proper."

This will was duly admitted to probate by the Surrogate's Court of Chautauqua county on May 15, 1900, and letters testamentary were issued thereon. Plaintiff is the sole surviving executrix and trustee under said will, and she seeks to have certain provisions thereof construed for her guidance, conflicting claims having arisen as to the distribution of said estate.

Testator left him surviving his widow, Emily Wright, who was provided for by the fourth paragraph of the will, and who died April 14, 1905. He also left him surviving (1) Susan Wright, a daughter, who died November 29, 1905, leaving a last will and testament, of which Sarah Wright Baker and John L. Hurlbert are executors, whereby she effectively bequeathed all her share in both income and principal of her father's estate to her sister Sarah Wright Baker, which she would have taken had she survived the trust; (2) Mary E. Tuthill; and (3) Sarah Wright Baker, daughters, still living; (4) Schuyler Hudson Wright, a son, who died January 27, 1908, leaving (a) Frances C. Wright, widow, (b) David Wright, and (c) Susan H. Wright, infant children, and (d) leaving a last will and testament of which John Y. Gerow and Clarence H. Gerow are executors; (5) Adeline M. Hallock, a daughter, who died September 5, 1908, leaving her surviving (a) Sandford D. Hallock, her husband, (b) Belle Hallock Colgan, daughter, (c) S. Neal Hallock, son, (d) Henry G. Hallock, son, and (e) leaving a last will and testament of which her husband is executor, which recites that "my father having amply provided for my children," "I give to my husband * * * all my property." Since the death of Adeline M. Hallock, her son Henry died intestate, February 4, 1908, leaving (1) Carrie E. Hallock, widow, who is also the administratrix of his estate, and (2) Ernest Hallock, infant son.

I have been furnished by counsel with exhaustive and learned briefs. In the final analysis, however, the legal principles involved seem simple and well defined. In construing a will, it has been repeatedly held that the object of the courts is to ascertain, not the intention simply, but the expressed intention, of the testator; i. e., the intention which the will itself, either expressly or by implication, declares. In other words, it is the duty of the court to ascertain the intention of the testator from the words he has used, and to ascertain and give effect to the legal consequences of that intention when ascertained. "We cannot make a new will or build up a scheme for the purpose of carrying out what might be thought was, or would be, in accordance with his wishes." Tilden v. Green, 130 N. Y. 29, 51, 28 N. E. 880, 884, 14 L. R. A. 33, 27 Am. St. Rep. 487.

The first question requiring judicial determination arises under the provisions of the will for the benefit of Adeline M. Hallock and her children. It is contended by her (Adeline's) surviving children that the widow and child of her deceased son Henry take no interest in said

estate, either in the income thereof during the existence of the trust estate under paragraph "Fifth," or in the distribution of principal under paragraph "Seventh," or in the ultimate distribution thereof under paragraph "Sixth" of the will, above quoted. The latter, on the contrary, claim Henry's interest, either for his estate or for his son. The provisions of the fifth clause of the will as to Adeline's share of the income direct it to be paid "to said Adeline M. Hallock, or to the children of said Adeline M. for the support and maintenance of herself and children as the said executors may think best." It will be observed that this language differs from that used by the testator in making provision for his other children, as in the case of each other child provision is made for the payment of his share of the income directly to him, without reference to children or possibility of children, and without limitation to use for support and maintenance. No reason is suggested for this discrimination beyond the fact that Adeline had children when the will was made, while the others then had no children. The court should not seek for technical distinctions which would result in a discrimination against the descendants of one child which testator did not contemplate, but it appears that at the time of the execution of the will the children of Adeline were young, one being aged 19, one 13, and one 12, and it seems reasonably plain that this share of the income was intended by the testator for the support of Adeline and her children, and not otherwise. Any other construction for the benefit of Adeline's estate or her grandchildren would do violence to testator's language. As has been recently held:

"Nothing is better settled in the law of wills than that the term 'children' does not include grandchildren, unless there is something in the will to show that the word is used in the broader sense. * * · * When a testator writes or speaks of his children in general terms, he does not include grandchildren." Pimel v. Betjemann, 183 N. Y. 194, 200, 76 N. E. 157, 158, 2 L. R. A. (N. S.) 580.

The income of this share, therefore, goes to the surviving children of Adeline who may be living as the payments become due, subject to the repayment of the advancement made by the testator to her.

Pending the final division of the principal, certain advances therefrom are by the seventh paragraph of the will directed and authorized to be paid annually "to each of my children * * * out of the principal held in trust for my children." These provisions might be read alone as vesting immediately in testator's daughter Adeline a future estate, giving her a right to possession and enjoyment of such annual payments of principal as they become due by lapse of time. There would be no uncertainty as to the person to whom testator intended the share to go. Such vested estate would, therefore, on her death, pass to her estate, which would continue to participate in such distribution. Roosa v. Harrington, 171 N. Y. 341, 64 N. E. 1.

But when we consider the sixth clause of the will, providing for the final distribution of the estate to which the seventh clause relates, we find that the word "children" in the seventh clause is used in a broad sense, and plainly includes the children of Mrs. Hallock and Mr. Wright as well as the children of testator. The children of Schuyler

living at the termination of the trust estate and the child or children of said Adeline M. Hallock living at the time of such division are named in such sixth clause as beneficiaries of the trust. It is therefore clear that the words "my children" in the seventh paragraph of the will mean the children and grandchildren designated in the sixth paragraph of the will as entitled to share in the final distribution of the estate. It follows that the advancements from principal under the seventh paragraph of the will do not vest in Mrs. Hallock, or, if they do so vest, they are subject to be defeated by her death during the existence of the trust. Dougherty v. Thompson, 167 N. Y. 472, 60 N. E. 760.

So as to the final distribution of the estate under the sixth clause. Special provision is made for Sarah and Susan, who are also named as residuary legatees, but the children of Mrs. Hallock are entitled to participate in the distribution only as they survive the trust. Their interests are contingent and not vested, or, at best, are dependent upon survivorship and subject to be defeated by death under the rule in the Dougherty Case, supra. Payments of principal under the sixth clause and advancements of principal under the seventh clause are therefore to be made to those who from time to time answer to the description of Adeline's surviving children, and not otherwise.

The clauses of the will, so far as they relate to the deceased son Schuyler and his children, may be separately construed to avoid confusion at the cost of repetition. Under the fifth paragraph of the will, one share of the income of the trust fund goes "to my son Schuyler H. Wright." No one is designated to take his share of such income after his death. It thus differs from the provision for Adeline and her children. The will gives him absolutely and without qualification the income of the one-fifth of the residue of the estate, subject to certain charges by reason of advancements made in testator's lifetime. The gift is immediate, but the time of enjoyment is postponed. It is dependent on nothing but the lapse of time. The direction is that the executors "shall pay" such income to him. The bequest of the income is therefore a vested gift thereof which passed to Schuyler's estate upon his death, and is payable to the executors of his will. This construction seems inconsistent with testator's general scheme of distribution, but unavoidable.

The direction as to the ultimate division of this share of the estate is:

"One-half of one-fifth share to my son Schuyler and to his children providing such children or the said Schuyler be living at the time of such division."

As already indicated in connection with the Hallock share, the estate of Schuyler cannot participate in the advances of principal under the seventh paragraph of the will. As in the case of the Hallock share, futurity is annexed to the substance of the Wright bequest of the principal sum under the sixth paragraph of the will. The words are of future division, not of present gift. It is therefore liable to be defeated by the death of all of Schuyler's children before the termina-

tion of the trust. The gift of principal is vested neither in Schuyler nor in his present living children, or, if it can be said to be so vested, it is under the rule in the Dougherty Case, supra, subject to be defeated by death during the existence of the trust, either of Schuyler or of his children respectively.

Advancements of principal from the Wright share under the seventh clause of the will therefore go to those who from time to time answer the description of surviving children of Mr. Wright, and the final distribution is to be made to those who answer that description when the time for final distribution arrives.

The eighth clause of the will reads as follows:

"Eighth. All the rest, residue and remainder of my estate, including all legacies that may lapse, I direct my executors to pay over to my daughters Sarah R. Wright and Susan Wright, share and share alike, or to such person or persons as they may by will respectively direct or appoint to receive their respective shares."

This cause lends significant support to the construction of the fifth, sixth, and seventh clauses above indicated.

Other clauses of the will demonstrate that the daughters Sarah and Susan were the special objects of testator's regard. Testator places no limitation upon the enjoyment of their shares by them, but gives them full power of appointment by will as well as making them his residuary legatees, while he wholly excludes the descendants of his daughter Mary E. Tuthill from participation in the principal of his estate under his will after her death as well as the Hallock and Wright great grandchildren. The residuary clause is effective to cover the provisions of the will which may become inoperative by the death of Mrs. Tuthill or of all the Hallock children or of all the Wright children prior to the termination of the trust. "Unless a residuary bequest is circumscribed by clear expressions and the title of a residuary legatee is narrowed by words of unmistakable import, it will be construed to perform the office it was intended for, viz., the disposition of all the testator's estate which remains after effectuating the previous provisions of the will, or which may be added by lapses, invalid dispositions, or other accidents." Matter of Miner, 146 N. Y. 121, 131, 40 N. E. 788, 790. The language of the entire will indicates a clear intention that the descendants of Mrs. Tuthill or of a deceased grandchild of the testator in the Hallock or the Schuyler Wright line shall not take the parent's share under this will, but that such share shall, if not otherwise disposed of, pass under the residuary clause of the will.

It does not appear that any genuine controversy has arisen among the parties except as to the shares of Adeline and Schuyler and their representatives. For this reason, the court does not feel called upon to determine the many other interesting problems which have not yet arisen, and may not arise under this will.

Decision accordingly.