In the Matter of the Accounting of WILLIAM S. SILSBY et al., as Trustees under the Will of HORACE SILSBY, Deceased, Respondents.

HORACE N. SILSBY, Appellant; ELEANORE M. HART et al., Respondents.

**Will — construction — invalid trust fund — when gift over falls with underlying void provision.**

Testator by his will left his property to trustees to pay the income to his widow during her life and upon her death divide the principal into three equal parts, holding a separate part for the benefit of and paying the income arising from such separate part to each of his three children during their lives, and upon the death of each the principal of his or her respective shares to go to his or her " living heirs." He further provided, " that should any of my said children

die without leaving descendants then the share to which such descendants would have been entitled shall be, by my said trustees, held for the benefit of my remaining children for life, as hereinbefore set forth, and upon their death to go to their descendants as above provided." He left him surviving his widow, and three children, all of whom had living children. Since his death the only child of one of his daughters, thereafter his widow, and thereafter the said daughter have died. Testator's other two children and their children survive. It is conceded that the trust fund held for the benefit of the deceased daughter cannot be held for the benefit of her surviving brother and sister, as directed, because of the prohibition against suspending the absolute ownership of property for a period continuing for more than two lives in being. The question is as to the disposition of the corpus of the said fund. *Held*, that the gift to testator's grandchildren was not absolute but contingent, both as to the time of division and as to the persons among whom it was to be divided, and that, the gift over after the death of the surviving brother and sister, respectively, falls with the underlying void provisions; that such share is not validly bequeathed by the will and consequently passes to those entitled thereto pursuant to the Statute of Distributions. The widow having consented to accept the provisions of the will in lieu of dower and other interests in the estate, her estate is not entitled to share in the distribution of such fund.

*Matter of Silsby*, 190 App. Div. 969, reversed.

(Submitted June 1, 1920; decided July 7, 1920.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 21, 1920, which affirmed a decree of the Seneca County Surrogate's Court construing the will of Horace Silsby, deceased.

The facts, so far as material, are stated in the opinion.

*William Murray* for appellant. The remainder is contingent. (*Hall* v. *La France F. E. Co.*, 158 N. Y. 570; *Purdy* v. *Hayt*, 92 N. Y. 446; *Fargo* v. *Squiers*, 154 N. Y. 250.) The remainder is void in its inception. (*Matter of Wilcox*, 194 N. Y. 288; *Dana* v. *Murray*, 122 N. Y. 604; *Colton* v. *Fox*, 67 N. Y. 348; *Matter of Howland*, 75 App. Div. 207.) The remainder cannot be accelerated or

preserved. (*Bailey* v. *B. L. T. & S. D. Co.*, 213 N. Y. 525; *Purdy* v. *Hayt*, 92 N. Y. 446; *Benedict* v. *Salmon*, 177 App. Div. 385; 223 N. Y. 707; *Brinkerhoff* v. *Seabury*, 137 App. Div. 916; 201 N. Y. 559; *Davis* v. *MacMahon*, 161 App. Div. 458; 214 N. Y. 614; *Kalish* v. *Kalish*, 166 N. Y. 368; *Smith* v. *Cheeseborough*, 176 N. Y. 317; *Matter of Berry*, 154 App. Div. 509; 209 N. Y. 540; *Matter of Hitchcock*, 222 N. Y. 57; *Matter of Ryder*, 41 App. Div. 247; *Matter of Conger*, 81 App. Div. 494.) There is intestacy as to Emma's share. The next of kin are to be ascertained as at the date of testator's death. (*Matter of Wilcox*, 194 N. Y. 288; *Clark* v. *Cammann*, 160 N. Y. 315; *Matter of Brooklyn Tr. Co.*, 70 Misc. Rep. 110.) The widow, by accepting the provisions made for her in the will, is barred from any further share in the estate; and her executor is not entitled to any part of this fund. (*Matter of Benson*, 96 N. Y. 499; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Matter of Hodgman*, 140 N. Y. 421; *Church* v. *Wilson*, 152 App. Div. 844; 209 N. Y. 553; *Matter of Mount*, 185 N. Y. 162.)

*Herman A. Carmer* for trustees, respondents. The intention of the testator should prevail. (*Robinson* v. *Martin*, 200 N. Y. 159, 164; *Mularky* v. *Sullivan*, 136 N. Y. 227; *Dickerson* v. *Sheehy*, 156 App. Div. 104; 209 N. Y. 592; *Bowditch* v. *Ayrault*, 138 N. Y. 222; *Monarque* v. *Monarque*, 80 N. Y. 320; *Goebel* v. *Wolf*, 113 N. Y. 405; *Connelly* v. *O'Brien*, 166 N. Y. 433; *Hersee* v. *Simpson*, 154 N. Y. 496; *Harig* v. *Schumacher*, 166 N. Y. 514; *Surdam* v. *Cornell*, 116 N. Y. 305; *Corse* v. *Chapman*, 153 N. Y. 466; *Ackerman* v. *Gorton*, 67 N. Y. 63.) The estate is now vested in the child of Horace N. Silsby and the children of Eleanore P. Hart. (*Smith* v. *Scholtz*, 68 N. Y. 61; *Moore* v. *Little*, 41 N. Y. 66; *Byrnes* v. *Stillwell*, 103 N. Y. 453; *Monarque* v. *Monarque*, 80 N. Y. 310; *Scott* v. *Guernsey*, 48 N. Y. 120; *Low* v. *Harmony*, 72 N. Y. 408; *Matter of Brown*, 93 N. Y. 295.) The

legal trusts created by the will and the illegal one attempted to be created are divisible, and the illegal one may be eliminated and the will then sustained. (*Carrier* v. *Carrier*, 226 N. Y. 114; *Kalish* v. *Kalish*, 166 N. Y. 368; *Harrison* v. *Harrison*, 36 N. Y. 543; *Van Schuyler* v. *Mulford*, 59 N. Y. 426; *Tiers* v. *Tiers*, 98 N. Y. 568; *Kennedy* v. *Hoy*, 105 N. Y. 134; Real Estate Law, §§ 33, 35.)

*Charles F. Hammond* for Eleanore M. Hart et al., respondents. The gift of the remainder to testator's grandchildren is a vested and valid remainder taking effect immediately upon the death of Emma Feek, the second life tenant. (*Matter of Conger*, 81 App. Div. 494; *Matter of Ryder*, 41 App. Div. 247; *Purdy* v. *Hayt*, 92 N. Y. 446.) The intent of the testator so far as the same can be gathered from the terms of the will should govern the disposition of his property where such disposition is not in contravention of the statute. (*Cammann* v. *Bailey*, 210 N. Y. 19; *Connelly* v. *O'Brien*, 166 N. Y. 406; *Davidson* v. *Jones*, 112 App. Div. 256; *Hersee* v. *Simpson*, 154 N. Y. 496; *Nelson* v. *Russell*, 135 N. Y. 137; *Moore* v. *Lyons*, 25 Wend. 119; *Millen* v. *Gilbert*, 144 N. Y. 68.)

*C. Willard Rice* for Kenneth Silsby, respondent. The intention of the testator must govern. (*Matter of Lowerre*, 104 Misc. Rep. 575; *Schettler* v. *Smith*, 41 N. Y. 328; *Cammann* v. *Bailey*, 210 N. Y. 19; *Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573; *Matter of Buechner*, 226 N. Y. 440.) The invalid life use should be lifted out. (*Matter of Ryder*, 41 App. Div. 247; *Central Trust Co.* v. *Falck*, 177 App. Div. 501.) The remainder vested in the grandchildren. (*Connelly* v. *O'Brien*, 166 N. Y. 406; *Cammann* v. *Bailey*, 210 N. Y. 30; *Matter of Brown*, 154 N. Y. 313; *Hersee* v. *Simpson*, 154 N. Y. 496; *Matter of Ossman* v. *Van Roemer*, 221 N. Y. 387; *Matter of*

*Baer,* 147 N. Y. 348; *Moore* v. *Little,* 41 N. Y. 66; *McLean* v. *McLean,* 207 N. Y. 370; *Haug* v. *Schumacher,* 50 App. Div. 269.)

CHASE, J. Horace Silsby died February 5, 1901, leaving a last will and testament which was duly probated and by which he directed the payment of his debts, funeral expenses and the expenses of administering his estate. All of the remaining property of every name and kind he gave to his executors and trustees therein named, in trust, however, to invest and keep invested, and " to dispose of the same, principal and interest as follows to wit:

" To pay over to my wife, Rebecca Silsby, from time to time for and during the term of her natural life, the net income, interest, issues and profits of and from the said entire trust estate.

" At and after the death of my said wife, the said trust estate so held by my executors and trustees shall be by them divided, so nearly as may be, into three equal parts or shares, one of which shares shall be held by my said executors and trustees and the net interest and income therefrom shall be by them paid over from time to time, to my daughter Eleanor P. Hart, of Rochester, N. Y., for and during the term of her natural life, and upon her death shall be turned over and shall belong to the then living heirs of my said daughter; another of said shares shall be held by my said executors and trustees, and the net interest and income therefrom shall be by them paid over, from time to time, to my son Horace N. Silsby for and during the term of his natural life, and upon his death said share shall be turned over and shall belong to the then living heirs of my said son. The other of the shares shall be held by my said executors and trustees and the net interest and income therefrom shall be by them paid over, from time to time, to my daughter Emma Feek, for and during the

term of her natural life and upon her death said share shall be turned over and shall belong to the then living heirs of my said daughter; Provided always that should any of my said children die without leaving descendants then the share to which such descendants would have, been entitled shall be, by my said trustees, held for the benefit of my remaining children for life, as hereinbefore set forth, and upon their death to go to their descendants as above provided."

He left him surviving his widow and three children, Eleanore P. Hart, Horace N. Silsby and Emma S. Feek. The executors as trustees held the residuary estate as directed by the will until the death of the widow which occurred October 29, 1916. The trust fund was then divided into three parts and thereafter held for the three children severally as provided by the will. The daughter Eleanore is living and has four children, three of whom were born prior to the death of the testator, and one in 1904. Horace is living and has one son who was born prior to the death of the testator. Emma had one son born before the death of the testator but he died August 25, 1905, prior to the death of the widow. Emma died April 20, 1919, without leaving a descendant. The only question presented for our consideration is, as to the disposition of the corpus of the fund held for the daughter Emma during her life.

The Surrogate's Court and the Appellate Division have held that the corpus of such fund be divided into two equal parts and that one of such parts be divided among the children of Eleanore living at the death of Emma and that the other of such parts be paid to the son of Horace. The surrogate in the decision finds: "It was the intent of the testator that the corpus of his estate should vest absolutely in his grandchildren and never should vest in his own children."

When the intention of a testator is reasonably clear,

26

and it is not in violation of any statute, it must be enforced. (*Cammann* v. *Bailey*, 210 N. Y. 19.) It was said by Judge POUND, now of this court, in *Baker* v. *Gerow* (126 N. Y. Supp. 277): "In construing a will it has been repeatedly held that the object of the courts is to ascertain, not the intention simply, but the expressed intention, of the testator, *i. e.*, the intention which the will itself, either expressly or by implication, declares. In other words, it is the duty of the court to ascertain the intention of the testator from the words he has used, and to ascertain and give effect to the legal consequences of that intention when ascertained."

We think the learned surrogate and the Appellate Division were mistaken in holding in substance that it was the intent of the testator "that the corpus of his estate should *vest absolutely* in his grandchildren."

The intent of the testator as expressed by him in his will was that the corpus of the estate should be held in trust for the benefit of his widow and his children severally as in the will provided and after the death of his widow and of the children, severally, the corpus "be turned over and shall belong to the then living heirs" of such child.

The interests of the grandchildren in the trust fund prior to the death of the widow and of the children severally were contingent upon such grandchildren severally living until the corpus of the fund should be turned over as provided by the will, and also contingent upon a redivision or upon redivisions thereof by which the individual shares would be increased because of the death of a grandchild or decreased because of the birth of another grandchild occurring after the death of the testator and prior to the termination of the life estates. If, as claimed by some or all of the respondents, the corpus of the estate vested absolutely in the grandchildren of the testator subject to the life estates, the son of Emma who was living at the death of the testator and

died prior to the death of the widow took a share of the corpus which passed to his personal representative. No claim of that kind has been urged by any of the parties before this court.

The gift of the corpus of the trust fund was not absolute but contingent as hereinbefore stated. (Real Property Law [Cons. Laws, ch. 50], sec. 40; Personal Property Law [Cons. Laws, ch. 41], sec. 11.) As the daughter Emma died without descendants the only provision of the will purporting to dispose of the trust fund held for her is as follows: " Provided always that should any of my children die without leaving descendants then the share to which such descendants would have been entitled shall be by my said trustees held for the benefit of my remaining children for life as hereinbefore set forth and upon their death to go to their descendants as above provided." The descendants as above provided are those living at the death of the testator's children respectively.

It is conceded that the trust fund held for the benefit of Emma after the death of her mother cannot be held for the benefit of the surviving children, Eleanore and Horace, because of the prohibition against suspending the absolute ownership of property for a period continuing for more than two lives in being at the death of the testator. (Personal Property Law, sec. 11; Real Property Law, sec. 42.) If the directions of the will are followed the corpus of the fund held for Emma must first be divided into two parts and held in trust beyond two lives in being at the death of the testator contrary to the provisions of the statute.

The valid parts of the will can be separated from those that are invalid without defeating the general intent of the testator to the extent of the valid parts. (*Matter of Hitchcock*, 222 N. Y. 57, 73; *Carrier* v. *Carrier*, 226 N. Y. 114.)

If the gift of the corpus of the fund held for the benefit of the daughter Emma had been absolute and not con-

tingent subject only to the life estates, the time of division could be accelerated after carving out the void trusts (*Matter of Hitchcock, supra*), but it is contingent both as to the time of division and as to the persons among whom it is to be divided. The gift over after the death of Eleanore and Horace, respectively, falls with the underlying void provisions. (*Purdy* v. *Hayt*, 92 N. Y. 446; *Hall* v. *La France Fire Engine Co.*, 158 N. Y. 570; *Fargo* v. *Squiers*, 154 N. Y. 250; *Matter of Brown*, 154 N. Y. 313, 322; *Davis* v. *MacMahon*, 161 App. Div. 458; affd., 214 N. Y. 614; *Brinkerhoff* v. *Seabury*, 137 App. Div. 916; affd., 201 N. Y. 559; *Benedict* v. *Salmon,* 177 App. Div. 385; affd., 223 N. Y. 707.)

The share of the corpus held for the benefit of Emma is not validly bequeathed by the will and consequently passes to those entitled thereto pursuant to the Statute of Distributions. The widow of the testator having consented to accept the provisions of the will in lieu of dower and other interests in the testator's estate is not entitled to share in the distribution of the trust fund held for the benefit of Emma. (*Matter of Benson*, 96 N. Y. 499; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Matter of Hodgman*, 140 N. Y. 421.)

The order of the Appellate Division and decree of the surrogate should be reversed and the trust fund which was held for the benefit of Emma should be divided in equal shares between Eleanore P. Hart, Horace N. Silsby and the personal representative or representatives of the deceased daughter Emma S. Feek, with costs to the appellant in all courts payable out of the estate.

HISCOCK, Ch. J., COLLIN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Ordered accordingly.