In the Matter of the Estate of JAMES CASSIDY, Deceased.

Surrogate's Court, New York County, May 6, 1932.

*Harold Swain,* for the petitioner.

*Robert P. Orr,* for Sophie L. Domminey.

O'BRIEN, S. This is an application for a construction of the will. James Cassidy died in 1880 and by his will created a trust of all his residuary estate for the benefit of his daughter, Mary, during her life. He then provided that should Mary die leaving issue she should have the power to appoint the remainder of this trust by her will. In the event that Mary died leaving issue but without making a will, the testator directed that the remainder be distributed among Mary's children, the issue of a deceased child or children to take by representation. There then follows another alternative gift of the remainder in the event that Mary should die without issue. The daughter, Mary Cassidy Domminey, died in February, 1932. By her will she has attempted to exercise the power of appointment by creating a trust for the benefit of her daughter-in-law, Sophie L. Domminey, during her life. Her will then directs that on the death of Sophie L. Domminey, the

remainder of this trust is to be distributed among her sons then living. Sophie L. Domminey was not in being at the time of the death of James Cassidy, the donor of the power, and the question is now raised as to the disposition of the remainder of the trust measured by the life of Mary.

In determining the validity of the attempted exercise of the power of appointment, it is of course necessary that the wills of the donor and donee of the power be read together and the appointment is to be considered as though incorporated in the original will. (*Hillen* v. *Iselin,* 144 N. Y. 365; *Fargo* v. *Squires,* 154 id. 250.) Here the donee's will attempts to create a trust, the duration of which is measured by the life of a person not in being at the date of the death of the donor of the power. Section 178 of the Real Property Law provides: " The period during which the absolute right of alienation may be suspended, by an instrument in execution of a power, must be computed, not from the date of such instrument, but from the time of the creation of the power." Applying the rules, as above stated, it is apparent that the trust attempted to be created by the donee's will is invalid since the power of alienation is suspended thereby beyond the statutory period. (Pers. Prop. Law, § 11, as amd. by Laws of 1929, chap. 229; Real Prop. Law, § 42, as amd. by Laws of 1929, chap. 229.) Moreover the remainder limited on this invalid trust being contingent cannot be accelerated and must fall with the invalid trust provisions. (*Matter of Terwilligar,* 135 Misc. 170; affd., 230 App. Div. 763; *Matter of Silsby,* 229 N. Y. 396.) The attempted exercise of the power is, therefore, totally invalid and disposition of the remainder of the primary trust must either be governed by the will of James Cassidy if the substitutional gift is to be given effect or pass as intestate property. (*Matter of Hayman,* 134 Misc. 803; affd., 229 App. Div. 853; affd., 256 N. Y. 557; *Matter of Terwilligar, supra.*)

Reverting to the will of the donor of the power we find an alternative gift of the remainder, " in case of the death of my daughter leaving issue and without having made any will." It seems apparent that the testator's intention was that this alternative provision should be given effect in the event that Mary failed to exercise the power of appointment even though the words used are " without having made any will." The whole scheme of disposition bears out such an intent. I hold, therefore, that the contingency, upon which this alternative gift of the remainder is to take effect, has occurred, and the remainder is now distributable among George E. Domminey, John V. Domminey and Matthew T. Domminey in equal shares.

Submit decree construing the will accordingly.