In the Matter of the Estate of JAMES S. BOLTON, Deceased.

Surrogate's Court, Bronx County, May 19, 1932.

*Hallock & Hallock*, for the trustees.

*Martin J. Fay*, for the objectant.

HENDERSON, S. In this second intermediate accounting proceeding the trustees seek a judicial construction of the provision of the decedent's will to determine whether or not they are entitled to commissions as trustees thereunder. There are two trustees, William H. Bolton and Frank W. Bolton, designated in the will as Frank Bolton.

The question arises by reason of those provisions of the will in which the testator made gifts to them. A legacy to William H. Bolton in the sixth paragraph is followed by this language: " This gift is made and is to be accepted in lieu of commissions as executor in my estate." In the sixteenth paragraph the testator gave the remainders of all trust funds not otherwise disposed of " to Eugene Bolton and Frank Bolton, sons of my deceased brother, Thomas Bolton, to be divided between them equally share and share alike, Frank Bolton to accept and receive the share of my residuary estate hereby given him, in lieu of executor's commissions in my estate."

It is the expressed intent of the testator that must first be ascertained in interpreting a will, and the construction is controlled by such intent, if lawful. Isolated words or phrases cannot be read alone, but must be considered in connection with the entire text of the will in seeking what the testator meant by the language he used. (*Matter of Silsby*, 229 N. Y. 396, 402; *Matter of Buechner*, 226 id. 440, 444.) In the twenty-second and last paragraph of the will he appointed " William H. Bolton, son of Thomas Bolton, and Frank Bolton, son of my deceased brother Thomas Bolton, to be executors and trustees of " his will and provided that no bond be required from them " either as executors or trustees." Nowhere else in the will does the word " trustee " or " trustees " appear.

In the third paragraph the testator gave his wife the use of his residence during her life, and directed " my executors " to pay all charges thereon as part of the charges of " the trust estate hereinafter provided," which he empowered them to invade in the following language: " and my executors are authorized in their discretion to use the principal of my estate for the payment of taxes and assessments upon said property, if in their opinion the income from said trust estate shall not be sufficient to properly provide for my said wife." He also authorized " my executors," with the consent of his wife, to sell such realty, invest the proceeds and pay the income thereon to his wife.

After making two pecuniary gifts and a bequest of certain stock, the testator in the seventh paragraph, gives the residue of his estate to " my executors hereinafter named, in trust nevertheless, * * *," and directs distribution thereof upon his wife's death.

In the eighth paragraph he again uses the words " my executors * * * in trust." In the eighteenth and nineteenth paragraphs he gives powers to sell and to manage his real estate to " my executors."

The testator's use of the words " my executors " throughout the will, to designate the persons to whom all the trust estates and powers were given and upon whom all the trust duties were imposed, is indicative of his intention that the testamentary provisions for them were made in lieu of their commissions as fiduciaries under the will without any technical distinction between their functions as executors or as trustees, and that his gifts to them were to be their only and full compensation for all services they might render under the will. I, therefore, hold that each is provided with a specific compensation by the terms of the will, and is not entitled to commissions as a trustee unless he has renounced his testamentary gift in the manner provided by statute (Surr. Ct. Act, § 285).

Settle decision and decree accordingly.