In the Matter of the Estate of MARY E. PIGGOTT, Deceased.

Surrogate's Court, New York County, March 14, 1933.

*Mack, Taylor, Spiegelberg & McCauley* [*Harry W. Mack* of counsel], for the petitioners.

*Flynt, Sully & Horan* [*Stanley G. Horan* of counsel], for the respondent.

*Taylor, Blanc, Capron & Marsh*, for City Bank Farmers Trust Company, executor, etc., of Mary E. Piggott, deceased.

*Joseph F. Moss*, special guardian.

FOLEY, S. I hold that the secondary trust attempted to be created by the third paragraph of the will is invalid. Its duration is measured by the lives of persons not in being at the death of the testatrix. (Real Prop. Law, § 42; Pers. Prop. Law, § 11; *Matter of Horner*, 237 N. Y. 489.) The remainders limited on the invalid

trust provisions are contingent and cannot be accelerated. (*Matter of Silsby*, 229 N. Y. 396; *Matter of Terwilligar*, 135 Misc. 170; affd., 230 App. Div. 763.) In clear and unambiguous language, the testatrix gave all her residuary estate, unconditionally, to Mary Bardet and Henry Bardet. The contention of one of the next of kin that the remainder of the trust under the third paragraph passed by intestacy rather than by virtue of the residuary clause, is erroneous. I find no evidence in the will of an intent by the testatrix to prevent the property from passing into the residuary estate.

Since the secondary trust and the gift of the remainder in the third paragraph are invalid, the condition contained in it as to the religious faith of the specific beneficiaries named therein, fails along with the invalidity of the main dispositions. These ineffectual provisions must be considered as never having been written into the will at all. (*Wetmore* v. *St. Luke's Hospital*, 56 Hun, 313; *Matter of Botsford*, 37 App. Div. 73; *Matter of Title G. & T. Co.* [*Estate of Baxter*], 195 N. Y. 339.) I specifically hold that the residuary gifts are absolute and not subject to the condition as to religious faith contained in the third paragraph. Forfeitures are not favored in the construction of wills and where the language of a bequest or devise is explicit and unconditional it should not be nullified by attempting to read into it by implication a condition attached to another and unrelated void bequest.

As all the legacies and debts have been paid, the undisposed of property described in paragraph third passed, pursuant to the pertinent rule, under the residuary clause. (*Matter of Cole*, 235 N. Y. 48; *Smith* v. *Smith*, 141 id. 29; *Lamb* v. *Lamb*, 131 id. 227.)

Submit decree on notice construing the will accordingly.