# In the Matter of the Estate of Morris W. Levy, Deceased.

Surrogate's Court, Clinton County, August 22, 1936.

*Maxwell Green*, for the petitioner, May W. Levy.

*Feinberg & Jerry* [*Harold A. Jerry* of counsel], for the trustees.

*Harry P. Kehoe*, special guardian for infant remaindermen.

HARRINGTON, S. This is a special proceeding for the judicial construction of the will of the above-named decedent. Decedent's will, dated September 21, 1928, was duly probated by this court on March 2, 1934. After specific bequests in the sum of $3,000 to relatives and religious organizations, the entire estate is bequeathed and devised to the decedent's wife, the petitioner herein, with the exception of a tobacco business. The final decree on the judicial settlement of the account of the executors indicates that the net value of the tobacco business as held by the trustees was $49,865.31, and the net estate, aside from her interest in the tobacco business, as hereinafter mentioned, paid to the petitioner herein was $54,143.54.

A judicial construction is asked of paragraph sixth under the will. This paragraph bequeathed and devised the decedent's tobacco business conducted under the name of Levy Brothers in the city of Plattsburg to his trustees, with power to continue the business and from the income therefrom to pay to his wife, the petitioner herein, one-half of the annual net earnings of the said business in semi-annual installments and the remaining one-half of the net income of said business was bequeathed to his trustees as their compensation for conducting such business. The following provision was then made: " In the event that such business shall be continued by my Trustees hereinafter named and the said business shall in any year fail to earn a profit, then and in that event, I direct my Trustees to pay to my dear wife for such year the sum of Four Thousand ($4,000.00) Dollars from the principal of the trust fund and to the Trustees for their services in conducting said business in addition to the commissions allowed by law such sum as to the then Surrogate of Clinton County, New York, shall seem fair and reasonable for the services rendered in the conduct of said business."

Paragraph seventh of the will bequeathed this business, or the proceeds thereof in case of a prior sale by the trustees, to the three minor children of decedent's deceased nephew, William Maynard Levy, upon the decease of decedent's wife. Paragraph eighth of the will provided that in the event the trustees therein named should fail to qualify or resign as such trustees, that such tobacco business should be sold and the proceeds invested in legal investments with the income thereon payable to his wife during her

lifetime with the remainder over to the children mentioned in paragraph seventh of the will, as above mentioned. Paragraph ninth authorized the trustees to continue this tobacco business during the lifetime of decedent's wife, or so long during her lifetime as they should deem it advantageous and desirable for his estate. In the event the trustees should at any time deem it advisable for the best interests of the estate to dispose of the business, then the trustees were authorized to do so and to invest the proceeds of such sale in legal investments with the income payable to decedent's wife for life with remainder over to the persons mentioned in paragraph seventh, as above mentioned. Paragraph eleventh exempts the executors and trustees from giving any bond or security. The decedent named his personal attorney and his wife's brother-in-law as executors and trustees.

In this proceeding the petitioner urges that paragraph sixth of the will be so construed that she shall in any event receive annually during the continuance of such business the sum of $4,000. According to the language of the will this will occur only in the event that the buisness earns a net profit of $8,000 or more. If it earns less than that sum, then she will receive only one-half thereof and the remaining one-half will be received by the trustees as therein provided. On the other hand, if the business fails to earn a net profit in any year, then paragraph sixth directs, as above quoted, that decedent's wife shall receive $4,000 from the principal of the trust fund, for such year. Accordingly, we have a situation under the reading of the will whereby if this business earns a net profit of one dollar, decedent's wife will receive fifty cents and the trustees will receive fifty cents as compensation for their services; but if the business shows a net loss of one dollar, then decedent's widow will receive $4,000 from the principal of the trust fund and the trustees will receive for their services an amount computed upon the basis mentioned in paragraph sixth, as above mentioned. Counsel for the petitioner herein urges that this court should so construe that part of paragraph sixth, above quoted, as to insert after the word " profit " the words " of $8,000." I assume this proposed insertion was intended so as to provide that decedent's wife should in any event receive at least $4,000 per year from this trust fund. The fact is that it might result in decedent's widow receiving much more than $4,000 per year. For example, if this paragraph was to be construed as suggested by counsel for petitioner, then in the event that this business earned $7,000 in any one year the petitioner would assert that she was entitled to one-half thereof, or $3,500, plus $4,000 from the principal, as this would be in keeping with the language of the will if the words " of $8,000 " were inserted as above suggested.

No attempt was made to offer any evidence for the purpose of showing any facts or circumstances from which a different intent could be implied as to the meaning of that part of paragraph sixth as above quoted, than as therein expressed. The law is well settled that rules of construction to guide courts in interpretation of wills apply only when the language of the will is ambiguous or doubtful. (*Matter of Watson*, 262 N. Y. 284, 294.) I had occasion in *Matter of Milliette* (123 Misc. 745, 752) to discuss the matter of when a will is ambiguous. I am satisfied that the language contained in paragraph sixth of decedent's will is not ambiguous. Accordingly, this court is obliged to follow the ordinary import of the words employed. (*Brown* v. *Quintard*, 177 N. Y. 75, 83; *Ritch* v. *Hawxhurst*, 114 id. 512, 515; *Bigelow* v. *Percival*, 162 App. Div. 831, 833.) The intention of the testator must, therefore, be found by the words used by him in his will, and as these are clear and definite there is no power in this court to change them. (*Matter of Watson, supra; Matter of Durand*, 250 N. Y. 45, 54; *Matter of Nelson*, 268 id. 255, 258, 259; *Snyder* v. *Snyder*, 182 App. Div. 65, 71.) It has even been held that parol evidence is not admissible to show that testator did not mean what he has said in the language of the will although such words were chosen by the attorney who drafted the will rather than the testator. (*Dwight* v. *Fancher*, 245 N. Y. 71, 74.) Where the will is not ambiguous, the court is limited in construing the intention of the testator to the *expressed intention* as set forth in the will. (*Matter of Silsby*, 229 N. Y. 396, 405; *Matter of Beuchner*, 226 id. 440, 444; *Salter* v. *Drowne*, 205 id. 204, 212.)

The only argument urged by the petitioner for the construction prayed for is the fact that being the decedent's wife, it cannot be assumed that the testator intended that such a result would occur in construing paragraph sixth of the will as hereinabove suggested. On the other hand, counsel for the trustee and the remaindermen indicate that the remaining paragraphs of the will indicate that the testator had a desire to preserve intact, if possible, the tobacco business or the principal of the trust fund constituting the proceeds of the sale of such business in case of a sale thereof for the children of the testator's nephew. While not suggested by counsel, we may even assume that testator in making the provisions of paragraph sixth of his will had in mind that the net income of the business would always be in such a sum as would enable his wife to receive at least $4,000 per year. However, this is only speculative. The language in *Matter of Nelson* (*supra*, p. 259) would seem to be apropos, wherein the court said: " Perhaps the testator was not greatly interested in the disposition of the remainder of his property unless it could be taken by one of his

own blood, bearing his name. Perhaps the testator could have exercised a stronger pressure upon his nephews to name a son after him by different provision in his will, or by offer made to either during his life. All that is conjecture. The will itself in unambiguous terms makes absolute gift to the wife only of personal property located at the testator's home."

So in the instant case the court is limited for the reasons hereinabove mentioned in declaring the intention of the testator as being such as is clearly expressed in his will, regardless of the effect thereof upon the interested parties. Let the decree construing paragraph sixth of decedent's will provide that the petitioner herein shall receive one-half of the net income of the business of Levy Brothers while the same is conducted with the remaining one-half to the trustees in full for their services in conducting said business as therein provided; that in the event said business does not in any year earn a net income then for such year the petitioner herein shall receive from the trustees from the principal of said business the sum of $4,000, and the trustees to receive such sum for their services and commissions as provided in said paragraph.

Prepare decree accordingly.