In the Matter of the Accounting of UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee under the Will of AMELIA LAVANBURG, Deceased.

Surrogate's Court, New York County, November 29, 1949.

*Duer, Strong & Whitehead* for trustee, petitioner.

*Edward K. Hanlon* and *Bertram L. Kohlmann* for Henry M. Bach, Jr., and others, respondents.

*Curtis, Mallet-Prevost, Colt & Mosle* for Justine B. Koscherak and another, respondents.

*Henry J. Harding* for Patricia P. Roberts, respondent.

*Dunnington, Bartholow & Miller* for Ellen D. Hennecart, individually and as administratrix of the estate of Clara Bach, deceased, respondent.

*Natalie R. Maas* and *Benjamin Bayers* for Ruth B. McGinnis, individually and as administratrix and executrix of Albert Bach deceased, respondent.

*Vincent R. Fitz Patrick,* special guardian for unborn infants, respondent.

*Charles Tolleris,* special guardian for Jeanne M. Pruitt, respondent.

COLLINS, S. Decedent, who died without issue, was survived by a brother and the issue of a predeceased brother. Decedent's will created trusts for her relatives and for certain relatives of her deceased husband. The trusts for the benefit of persons of decedent's blood were substantially larger in amount than the trusts for the benefit of relatives of her husband. The trustee is here accounting for five of the testamentary trusts and requests a construction of the will and a direction as to the disposition to be made of the principal of the trust created by the eleventh article of the will for the benefit of a nephew of decedent's husband and the nephew's wife. The fund in question has been held in trust for the lifetimes of such persons both of whom are now dead. The direction in the will is that upon the death of the nephew's wife the trust principal shall " fall into the residuary estate ". Decedent's residuary estate is disposed of in the fifteenth paragraph of her will and is there bequeathed to the trustee " in trust, nevertheless, to

divide, distribute and pay over the same, pro rata, so as to increase proportionately each of the separate trust funds created and given under any of the preceding clauses."

The trust established pursuant to the eleventh article of the will was limited upon the lives of two persons both of whom survived decedent and have since died. Compliance with the residuary provision of the will would require the apportionment of the fund among existing trusts and would postpone the absolute ownership of the property beyond the permissible statutory period (Personal Property Law, § 11; Real Property Law, § 42). That is conceded by all the interested parties. It is noted parenthetically that decedent did not contemplate that any portion of the fund would be allocated to the trust under the eleventh article, which in effect would result in a portion of the fund being without a disposition (*Matter of Friend,* 168 Misc. 607, affd. 257 App. Div. 924, affd. 283 N. Y. 200; *Matter of Lanier,* N. Y. L. J., March 29, 1949, p. 1126, col. 2; *Matter of Macy,* 72 N. Y. S. 2d 481). The violation of the rule against perpetuities does not invalidate the trust in respect of the interests of the primary beneficiaries named in the eleventh article of the will but any suspension of absolute ownership beyond the lives of such beneficiaries may not be permitted (*Matter of Trevor,* 239 N. Y. 6; *Matter of Horner,* 237 N. Y. 489).

Were the remainder interests in the other trusts under the will vested in the sense that specified individuals would receive such remainders under every conceivable circumstance, the invalid suspension might be excised and immediate payment of the fund in question could be directed to be made to the vested remaindermen (*Kalish* v. *Kalish,* 166 N. Y. 368; *Matter of Durand,* 250 N. Y. 45; *Matter of Silsby,* 229 N. Y. 396). However, in respect of each continuing trust under this will the remainder interests are at this time contingent. Such contingent remainders may not be accelerated (164 A. L. R. 1309, 1448).

The expression in the residuary clause of the will respecting decedent's intention not to die intestate as to any portion of her estate and her attempt in that article of the will to dispose of gifts, whether by way of trust, or otherwise, that should fail to take effect, indicate that the draftsman was apprehensive of the failure of certain trust provisions, but the unfortunate fact is that it is the residuary article of the will that contains the

direction creating invalidity while omitting an effective alternative.

The suggestion has been made that, despite the fact that the remainder interests in the trust established under the eighth article of the will are contingent, payment to such remaindermen should be made for the reason that decedent intended that result and for the further reason that the provisions of the eighth article provide a formula for equalization of the benefits to the respective remaindermen of that particular trust. The will does not display an intention to benefit those persons to such an extent. Insofar as this fund is concerned, such intention must be sought in the fifteenth article of the will. That article provides a limited plan for avoiding intestacy but paramount in the expressed intent is the purpose to confer proportionate benefits upon the several trusts and not to prefer one group of trust beneficiaries disproportionately over another. The eighth article does endeavor to equalize to some degree the benefits to the remaindermen of that particular trust. That remainder is given per capita to a class which opens to admit new members. Decedent's desire was to equalize the payments to newly admitted members of the class with the payments to those who had previously participated. Obviously this scheme is not perfect and equal participation within the changing group cannot be assured. Even if such assurance existed, the will does not authorize payment to these remaindermen of the fund now in dispute or designate them as the legatees of the residuary estate. These persons stand in no better position than the contingent remaindermen of the other continuing trusts.

The court holds that the remainder of the trust created by the eleventh article of the will is distributable as intestate property of decedent. (*Matter of Durand, supra.*)

Proceed accordingly.