In the Matter of the Estate of WILBER A. BLOODGOOD, Deceased.

Surrogate's Court, New York County, April 7, 1927.

**Wills — construction — testator gave two one-third parts of residue of his estate in trust with direction that income of each part be paid to widow for life and on her death to his daughter until she attained age of thirty years — capital or securities was then directed to be paid to testator's daughter, if living, or, if dead, to lawful issue absolutely — provision for wife was made in lieu of dower — remaining one-third part was given in trust, with income payable for life, to daughter — daughter, before reaching age of thirty, predeceased mother, to whom she willed residue of estate — daughter married subsequent to execution of will — daughter's death, prior to her attaining thirty years, caused remainders of trusts to lapse — as to such remainders testator died intestate — widow was precluded from sharing in property as to which testator died intestate — remainders passed, under Statute of Distribution, to daughter — daughter's husband is entitled, under Decedent Estate Law, § 35, to one-half personalty left by her — other half passes to mother — proceeds of sale of real property must be treated as such, in absence of mandatory power of sale.**

The testator, after giving two one-third parts of his residuary estate in trust, directed that the income of each part be paid to his widow for life, and on her death to his daughter until she attained the age of thirty years, when the capital or securities, in which the trust was invested, was to be paid to his daughter, if living, or, if dead, to her lawful issue then living, absolutely. After declaring the bequest to his wife to be in lieu of dower, the remaining one-third of the residue was given in trust with the income thereof payable for life to testator's daughter. The will further provided that in the event said daughter lived without issue, upon reaching the age of forty, then the trust created from the one-third residue should terminate and the capital or securities should be paid to the daughter absolutely. Testator's widow still lives, but his daughter died without issue, leaving a will executed three years prior to her death, wherein she bequeathed the residue of her estate to her mother. Subsequent to the execution of the will, she married, and her husband survives her.

On the death of testator's daughter, without issue, prior to attaining the age of thirty years, the remainders of the two trusts created under the will, lapsed, in the absence of any other disposition of said remainders; therefore, as to such remainders, the testator died intestate, and since the testator's widow elected to accept the provisions of the will in lieu of dower and all interest in his estate, she is precluded from sharing in the property as to which he died intestate.

Thus, the remainders passed, under our Statute of Distribution, to testator's daughter as the only heir at law and next of kin of testator.

The daughter's husband, the marriage having taken place subsequent to the execution of the daughter's will, became entitled, under section 35 of the Decedent Estate Law, to the same rights in and to the same share or portion of his wife's estate as he would have been if the will had not been made, and he is entitled to one-half of the personalty left by his wife either outright or in remainder. As to the remaining one-half of the personal property and the whole of the real property of which the daughter died vested, her will stands unchanged, and such property passed thereunder to her mother.

The proceeds of real property sold by testator's executor under a discretionary power of sale, now invested in mortgages, must be treated as real property, since the power of sale was not mandatory.

ACCOUNTING proceeding involving question of distribution.

*Remsen & Parsons,* for the executors and petitioners.

*Garrett A. Brownback [Lewis G. Wallace* and *Gerald J. Dean* of counsel], for Hugh C. Wallace, 2d.

O'BRIEN, S. This is an accounting proceeding wherein a question of distribution is involved. The testator was survived by his widow, Rosalie G. Bloodgood, and his daughter, Rosalie Bloodgood Wallace. In his will he made provisions for his widow and his daughter, as follows:

" *Fourthly.* I give and bequeath unto my executors hereinafter named or such of them as shall qualify the survivors and survivor of them two of these equal one-third parts of all the residue of my property or its proceeds in trust nevertheless to invest and keep invested in lawful securities and to receive the interest and income thereof and to pay over such interest and income to my wife Rosalie G. Bloodgood during her natural life and on her death to pay such interest and income to my daughter Rosalie until she reaches thirty (30) years of age and then to pay over the capital or the securities in which the same may be invested to my said daughter Rosalie if then living or if she be then dead unto her lawful issue then living absolutely forever. I declare that the provisions made in and by this clause of my will for my dear wife is intended by me and is to be accepted by her in lieu and bar of her dower and all other interest in my estate.

" *Fifthly.* I give and bequeath unto my executors hereinafter named or such of them as shall qualify the survivors and survivor of them the third of these equal one-third parts of all the residue of my property or its proceeds in trust nevertheless to invest and keep the same invested in lawful securities and to receive the interest and income thereof and apply such interest and income to the use of my daughter Rosalie during her natural life and on

Surrogate's Court, New York County, April, 1927.     [Vol. 129

her death to assign and pay over the capital or the securities in which the same may at that time be invested unto her children then living and unto the lawful issue then living of her children then dead the issue of each deceased child taking in representation of its parent the share only which its parent if living would have taken, absolutely forever. If my said daughter Rosalie be alive without issue upon reaching forty (40) years of age then this trust created by this clause of my will shall terminate and the capital or the securities in which the same may at that time be invested shall be paid over to my said daughter Rosalie absolutely forever."

Testator's widow still lives but his daughter, Rosalie B. Wallace, died on March 23, 1926, without issue and leaving a will executed April 26, 1923, wherein she devised and bequeathed all the rest, residue and remainder of her estate, after the payment of her just debts and funeral expenses, to her mother, Rosalie G. Bloodgood. Subsequently to the execution of this will she married Hugh C. Wallace, who has survived her. At the date of her death she was not quite thirty years of age. Under the terms of decedent's will, *her death, without issue, prior to attaining the age of thirty years*, caused the remainders of the two trusts created under the will to lapse, no other disposition of such remainders to take effect upon the happening of such contingencies having been made in said will. Therefore, as to such remainders, the testator died intestate. By the last sentence of the 4th paragraph of his will he declares that the provisions of said paragraph for his widow were intended to be in lieu and bar of her dower *and all other interest in the estate*. Having elected to accept said provisions of the will in lieu of dower and all other interest in the testator's estate, his widow is precluded from sharing in the property as to which he died intestate. (*Matter of Silsby*, 229 N. Y. 396, 404; *Matter of Hodgman*, 140 id. 421; *Matter of Benson*, 96 id. 499; *Chamberlain* v. *Chamberlain*, 43 id. 424.) Thus, the remainders passed under our Statutes of Distribution to Rosalie B. Wallace as the only heir at law and next of kin of the testator; one remainder, viz., that provided for in paragraph " fifthly " passing directly and the second, viz., that provided for in paragraph " fourthly " being subject to the life estate in her mother. By will she gave her entire estate to her mother. However, the marriage of the former to Hugh C. Wallace subsequently to the execution of the will revoked the will as to him, since no provision was made for him either by way of settlement or in the will, and no expression was made in the will to show an intention not to make such provision, and he became entitled to the same rights in and to the same share or portion of his wife's estate as he would have been if the will had

not been made.   (Decedent Estate Law, § 35, as amd. by Laws of 1919, chap. 293.)   In other words, Hugh C. Wallace became entitled under the statute to one-half of the personalty left by his wife, Rosalie B. Wallace, either outright or in remainder.   As to the remaining one-half of the personal property and the whole of the real property of which Rosalie B. Wallace died vested, her will stands unchanged and such property passed thereunder to her mother, Rosalie G. Bloodgood.   Another question arises out of the fact that testator's real property was sold by his executor under a discretionary power of sale and the proceeds are now invested in mortgages.   The latter must be treated as real property as the power of sale was not mandatory.   Submit decree construing the will and providing for a distribution as above outlined.