In the Matter of the Judicial Settlement of the Account of Proceedings of JAMES A. TROWBRIDGE, as Surviving Executor, etc., of WILBER A. BLOODGOOD, Deceased, and the CENTRAL UNION TRUST COMPANY OF NEW YORK, as Executor, etc., of ROSALIE BLOODGOOD WALLACE (Formerly ROSALIE BLOODGOOD), Deceased, Formerly an Executrix, etc., of WILBER A. BLOODGOOD, Deceased.

HUGH C. WALLACE, 2D, Appellant; JAMES A. TROWBRIDGE, as Surviving Executor, etc., of WILBER A. BLOODGOOD, Deceased, and Others, Respondents.*

First Department, May 25, 1928.

Wills — construction — will devised property in trust for benefit of daughter, principal to be paid to her upon reaching certain age — death of daughter before age specified cast remainders of trusts into testator's intestate estate — said remainders passed under Statute of Descent and Distribution to daughter as only heir at law and next of kin — will of daughter is inoperative as to husband, their marriage having occurred subsequent to execution of will and no provision having been made for him — testator's real property sold by executors under discretionary power was converted into personalty and did not retain character of real property.

The testator devised his residuary estate in trust for the benefit of his daughter with direction for the payment of principal thereof to her upon her attaining a certain age, if then living and if not to her lawful issue. The daughter died before reaching the stated age leaving her husband surviving but no descendants.

---

* Modifying. 129 Misc. 398.— [REP.

The testator died intestate as to the remainders of the trusts created by his will and as the widow of the testator had accepted the provision of the will in lieu and bar of her dower, the remainders passed under our Statute of Descent and Distribution to the daughter as the only heir at law and next of kin of the testator, one remainder directly and the other subject to the life estate of the testator's widow.

The will of the daughter, wherein she gave and bequeathed her entire estate, both real and personal, to her mother, was inoperative as to her husband, their marriage having occurred subsequent to the execution of the will and no provision having been made by way of settlement in said will for her husband, and no expression appearing therein to show an intention not to make such a provision.

The husband of the daughter, therefore, became entitled to one-half of the personalty left by his wife, and as to the remaining one-half of the personalty and all the realty of which the daughter died seized, her will was not affected and the property passed to her mother thereunder.

It was error for the court to rule that, inasmuch as testator's real property was sold by his executor under a discretionary power of sale, the proceeds realized upon said sale and now invested in mortgages, should be treated as real property.

The executors, having the power of sale, effected a conversion of the real property into personalty by exercising that power, and as to all real property sold prior to the death of the daughter, the proceeds realized thereon passed at her death into her personal estate.

APPEAL by Hugh C. Wallace, 2d, from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 2d day of July, 1927.

*Gerald J. Dean* of counsel [*Garrett A. Brownback,* attorney], for the appellant.

*Frank H. Parsons* of counsel [*Remsen & Parsons,* attorneys], for the respondents.

McAVOY, J. The accounting executors prayed for a construction of the provisions of the will of Wilber A. Bloodgood, as to whether the trusts created for the benefit of Rosalie Bloodgood Wallace, comprising the residuary estate of the testator, have been terminated for the reason that said Rosalie Bloodgood Wallace died, aged twenty-nine years, without leaving issue her surviving, and before reaching the age of thirty years mentioned in the paragraph numbered " fourthly " of said will, and before reaching the age of forty years mentioned in the paragraph numbered " fifthly " of said will. The petition also requested that if it be found that said trusts have been terminated because of the death of said Rosalie Bloodgood Wallace, as aforesaid, an adjudication be made as to whether or not the said Wilber A. Bloodgood died intestate as to the principal of his residuary estate; also whether the interest of Rosalie G. Bloodgood and Rosalie Bloodgood

41

Wallace, formerly Rosalie Bloodgood, respectively the widow and daughter of the deceased, who were at the time of his death the only heirs and next of kin of said Wilber A. Bloodgood, vested at the time of the death of said decedent, and whether or not the principal of said residuary estate should be paid and turned over to the Central Union Trust Company of New York, as executor of the estate of Rosalie Bloodgood Wallace, deceased, subject to the life estate of Rosalie G. Bloodgood in two-thirds thereof, or to such persons as might be entitled thereto.

The surrogate held that Wilber A. Bloodgood, the testator, died intestate as to the remainders of the two trusts created by his will, and as the widow of the testator had accepted the provisions of the will in lieu and bar of her dower and all other interest in the estate, the said remainders passed, under our Statutes of Distribution, to Rosalie Bloodgood Wallace, as the only heir at law and next of kin of the testator, the remainder provided for in paragraph " fifthly " passed directly, and the second remainder, i. e., that provided in paragraph " fourthly," passed subject to the life estate in her mother. (See 129 Misc. 398.) We hold this ruling correct.

Further, it was decreed that the will of Rosalie Bloodgood Wallace, wherein she gave and bequeathed her entire estate, both real and personal property, to her mother, was inoperative as to her husband, Hugh C. Wallace, 2d, their marriage having occurred subsequent to the execution of said will, and no provision having been made by way of settlement or in said will for said Hugh C. Wallace, 2d, and no expression appearing therein to show an intention not to make such provision. That subsequently said Hugh C. Wallace, 2d, became entitled to one-half of the personalty left by his wife, said Rosalie Bloodgood Wallace, and that as to the remaining one-half of the personalty and all of the realty, of which said Rosalie Bloodgood Wallace died seized and possessed, her will stood unchanged and passed to her mother, said Rosalie G. Bloodgood. This also accords with our view of the proper disposition to be made of the properties affected.

It was also ruled that inasmuch as testator's real property was sold by his executor under a discretionary power of sale the proceeds realized upon such sale and now invested in mortgages should be treated as real property. We think this ruling needs modification.

The paragraphs of said decree to which objection is taken by Hugh C. Wallace, 2d, the appellant herein, are as follows:

" 10. That certain of testator's real property having been sold by his executor under a discretionary power of sale and the proceeds invested in mortgages the same must be treated as still

retaining its character as real property and pass under both of the said wills as real property."

" 14. That out of the balance of principal then remaining in the hands of the said surviving executor, as aforesaid, to wit, the sum of $220,635.71 that he pay to the Central Union Trust Company of New York, as sole trustee under the will of Wilber A. Bloodgood, deceased, two-thirds thereof, namely, the sum of $147,090.47 in cash and securities as follows, the income thereof to be paid to Rosalie G. Bloodgood during her life."

Then follows a list of mortgages and investments in personal property made by the executor: " That the said sum of $147,090.47 includes the sum of $123,150, the net proceeds of the sale of decedent's real estate which is real property in this proceeding."

Hugh C. Wallace, 2d, contends that all of the real property of which Wilber A. Bloodgood died seized and possessed was, by the terms of his will, equitably converted into personal property at the time of his death, and should be accounted for as such by the executors in the present accounting, but that, if it be held that no such conversion took place, still, as to that portion of said real estate actually sold by the executors under the discretionary power of sale contained in the will and before the death of Rosalie Bloodgood Wallace, the proceeds realized upon said sale should at her death pass into her estate as personal property and not as real estate.

The executors and petitioners of the will of Wilber A. Bloodgood and Rosalie G. Bloodgood, widow and testamentary devisee and legatee of her deceased daughter, Rosalie Bloodgood Wallace, contend that the daughter became vested, on the death of her father, with a reversion, under the Statute of Descent and Distribution, as his sole heir and next of kin, in the residue of his estate which his will did not dispose of by reason of the lapse of the contingent future estates referred to as remainders, due to the death of the daughter without issue before reaching the age of thirty and without any gift over by the testator to any other person or persons.

It is their contention that this vested reversion of the residue in the daughter, at the death of testator, was not changed in character from real property to personal property by the discretionary power of sale in the executors and trustees or by necessary implication from the terms of the will and that no action by the executors and trustees under such discretionary power of sale can change the disposition of the real estate and personal property in accordance with the Statute of Descent and Distribution.

If the fund is treated as real estate it passes to her mother, Rosalie G. Bloodgood, under the terms of her will, whereas if it

be decided that the executors hold said proceeds or said securities as personal property then her husband, Hugh C. Wallace, 2d, and her mother, Rosalie G. Bloodgood, will divide the same equally.

We think these securities do not retain the character of real property since the real property was actually sold and the proceeds had been invested in securities which went to form the corpus of the trust set up under Wilber A. Bloodgood's will at the time Rosalie Bloodgood Wallace died. With the exception of certain real property in Buffalo, N. Y., there was only personal property in the estate when Rosalie Bloodgood Wallace died, and we would be reversing theories to hold the personal property as real property at the time of her death. We hold too that the real estate in Buffalo not having been actually converted retains its character as real estate and passes accordingly.

The decree of the Surrogate's Court should, therefore, be modified by providing that only that portion of the real property belonging to the deceased and sold by his executors under the discretionary power of sale contained in the will prior to the death of Rosalie Bloodgood Wallace, was, at the time of her death, actually converted into personal property, and the fund or the securities in which the same may be invested should be accounted for and distributed as personal property by the executors and as so modified affirmed, with costs to the appellant payable out of the estate.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Decree modified as indicated in opinion and as so modified affirmed, with costs to the appellant payable out of the estate. Settle order on notice.