In the Matter of the Judicial Settlement of the Account of Proceedings of JEREMIAH R. VAN BRUNT and Another, as Executors, and of JEREMIAH R. VAN BRUNT and Others, as Trustees of URI T. HUNGERFORD, Deceased. .

Surrogate's Court, Westchester County, October 23, 1929.

*Conklin & Montross* [*Lewis R. Conklin* of counsel], for the executors.

*William A. Montross*, for the trustees.

*S. Stanwood Menken* [*William Ferguson* of counsel], for next of kin.

*Charles S. Thurston*, for William C. Hungerford.

*Dunn, Daly & Bain*, for Title Guarantee and Trust Company, executor of Lillora R. Hungerford.

*Larkin, Rathbone & Perry* [*Albert Stickney* and *Albert B. Maginnes* of counsel], for Charlotte Hungerford Hospital.

*Joseph F. Murray*, for Eleanor L. Hildebrandt.

*John J. Ackerman,· Walter B. J. Mitchell* and *Charles C. Fenno*, special guardians.

SLATER, S. The will of the decedent is violative of section 17 of the Decedent Estate Law* and a large sum of money passes under the laws of intestacy. In the instant case it passes to the widow who survived the decedent for ten months, and to cousins.

The 1st paragraph of the will gives certain named personal property to the widow. The 4th paragraph of the will gives her a legacy of $50,000. The 5th paragraph gives her a legacy of $200,000, and a trust created for her benefit in the sum of $1,000,000. By the 7th paragraph the residue of his estate is to be held by trustees in trust for her benefit during her life.

By the 13th paragraph of the will the decedent provided as follows: " I direct that the four gifts for the benefit of my said wife be accepted by her in lieu of dower and all other rights in my estate."

Testimony was taken that the wife accepted the gift of the personal property and, likewise, accepted the bequests provided for her in the will. Further, that the trust for her benefit was set up and she received therefrom the income.

The widow died about ten months after the decedent. Her executor now claims in this proceeding that it is entitled to share in the distribution of any property as to which the decedent died intestate. It is claimed that she did not understand the situation because of her advanced years, and it seems unlikely that she had knowledge of her rights under the provisions of section 17 of the Decedent Estate Law, citing *Wheeler* v. *Lester* (1 Bradf. 293).

The testimony of Bernard Ris clearly indicates that she did

---

*Amd. by Laws of 1923, chap. 301; Laws of 1927, chap. 502, and Laws of 1929, chap. 229.— [REP.

have a clear knowledge of the situation, and of her rights under the provisions of the Decedent Estate Law.

The widow executed a power of attorney on December 28, 1926, and her attorneys in fact gave a general release to the executors. In deciding the instant question it is not necessary to consider whether she released her interest in the intestate share under the power of attorney. In my judgment, the evidence is clear that she herself accepted all the provisions of the will in lieu of dower and " all other interest in the estate," and having accepted such provisions, she is not entitled to share in the distribution of the fund passing to those entitled to it under the laws of intestacy. (*Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Matter of Bènson*, 96 id. 499; *Matter of Silsby*, 229 id. 396, 404; *Matter of Bloodgood*, 129 Misc. 398; modified, 223 App. Div. 640.)

As to the rights of Grace Turnbull Phelps and her descendants, no evidence has been presented that her mother, one Caroline E. Ogden, was ever legally adopted by Elizabeth White, a sister of the decedent herein. Consequently, she will be excluded as a distributee of the intestate estate of the decedent. It is unnecessary to go into the legal phase of the matter in the event her mother had been legally adopted. Even in that case, she might be excluded from inheriting from the decedent through her mother.