FIRST NATIONAL BANK AND TRUST COMPANY OF YONKERS, Appellant, *v.* EDITH S. PALMER, Appellant, and ALBERT RITCHIE, as Guardian ad Litem for RICHARD PALMER et al., Infants, Respondents, Impleaded with Others. (Actions 1 and 2.)

(Argued December 9, 1932; decided January 10, 1933.)

*Frederick P. King* and *John R. Bushong* for appellants. In the absence of a valid direction for the disposition of income within the terms of the trust instrument, the court will not speculate or conjecture as to the intention of the parties. (*Nevius* v. *Dunlap*, 33 N. Y. 676; *First Nat. Bank* v. *Palmer*, 141 Misc. Rep. 692; *Central Union Trust Co.* v. *Trimble*, 255 N. Y. 88; *Matter of Silsby*, 229 N. Y. 396; *Matter of Trevor*, 239 N. Y. 6; *Farmers Loan & Trust Co.* v. *Winthrop*, 238 N. Y. 477; *Matter of Durand*, 250 N. Y. 45.) There can be no implication from the terms of the trust agreements of an intent to pay income to either of the infants in the contingency which has occurred. (*Matter of Kohler*, 96 Misc. Rep. 433; *Close* v. *Farmers L. & T. Co.*, 195 N. Y. 92; *Matter of Hoffman*, 201 N. Y. 248; *Farmers Loan & Trust Co.* v. *Winthrop*, 238 N. Y. 477; *Matter of Durand*, 250 N. Y. 45.) The determination of the Appellate Division is based wholly upon conjecture and, in the absence of proof of mistake, is an arbitrary attempt by the court, under the guise of construction, to effectuate a new agreement for the parties. (*Halbe* v. *Adams*, 176 App. Div. 588; *Nevius* v. *Dunlap*, 33 N. Y. 676; *Mead* v. *Westchester Fire Ins. Co.*, 64 N. Y. 453; *Wilson* v. *Deen*, 74 N. Y. 531; *Christopher St. Ry.* v. *23rd St. Ry.*, 149 N. Y. 51; *Susquehanna S. S. Co.* v. *Anderson*, 239 N. Y. 285; *Southard* v. *Curley*, 134 N. Y. 148; *Philippine Sugar Co.* v. *Philippine Islands*, 247 U. S. 385.) Where the income of a valid trust has not been disposed of and the persons presumptively entitled to the next eventual estate cannot be ascertained, it reverts to or remains in the settlor of the trust. (Real Prop. Law, §§ 63, 102; Pers. Prop. Law, §§ 11, 16; *U. S. Trust Co.* v. *Soher*, 178 N. Y. 442; *Matter of Ready*, 132 Misc. Rep. 616; *Pruyn* v. *Sears*, 96 Misc. Rep. 200; *Cochrane* v. *Schell*, 140 N. Y. 516; *St. Johns Inst.* v.

*Andrews*, 191 N. Y. 254; *Matter of Kohler*, 231 N. Y. 535; *First Nat. Bank* v. *Palmer*, 141 Misc. Rep. 692; *Matter of Harteau*, 204 N. Y. 292.)

*Albert Ritchie* for respondents. The trust was contractual, not voluntary, and should be so construed. (*Reineke* v. *Northern Trust Co.*, 278 U. S. 339; *Gillet* v. *Bank of America*, 160 N. Y. 550; *Atwater* v. *Panama R. R. Co.*, 246 N. Y. 519; *Robertson* v. *Ongley Electric Co.*, 146 N. Y. 20; *Grundt* v. *Shenk*, 222 App. Div. 82; *Duttweiler* v. *Jacobs*, 223 App. Div. 292; *Fellows* v. *Fairbanks*, 205 App. Div. 271; *Johnson* v. *City of New York*, 191 App. Div. 205; 231 N. Y. 564; *Jones* v. *Kent*, 80 N. Y. 585; *Coyne* v. *Weaver*, 84 N. Y. 386; *Pool* v. *Hill*, 1 Hill, 580; *Rogers* v. *Kneeland*, 10 Wend. 219; *Hegeman* v. *Moon*, 131 N. Y. 462; *Genet* v. *Delaware & Hudson Canal Co.*, 163 N. Y. 173.) Even if the instruments were construed as voluntary trusts or wills, the plain implication is that the infants should have the income of the principal fund after the death of their aunt and father. (*Matter of Buechner*, 226 N. Y. 440; *Robinson* v. *Martin*, 200 N. Y. 159; *Matter of James*, 146 N. Y. 78; *Mullarky* v. *Sullivan*, 136 N. Y. 227; *Matter of Winburn*, 141 Misc. Rep. 445; *Pond* v. *Bergh*, 10 Paige Ch. 140; *Marsh* v. *Hague*, 1 Edw. Ch. 172; *Phillips* v. *Davies*, 92 N. Y. 199; *Masterson* v. *Townshend*, 123 N. Y. 458; *Matter of Farmers' Loan & Trust Co.*, 189 N. Y. 202; *Close* v. *Farmers' Loan & Trust Co.*, 195 N. Y. 92; *Matter of Hoffman*, 201 N. Y. 247; *Bishop* v. *Bishop*, 257 N. Y. 40; *Matter of McGeehan*, 200 App. Div. 739; *Henriques* v. *March*, 119 Misc. Rep. 674; 209 App. Div. 814; *Matter of Schriever*, 221 N. Y. 268.) The court is compelled to decide the case upon implication, and it should choose the natural and lawful implication rather than the strained and perhaps unlawful one. (*Ossman* v. *Van Roemer*, 221 N. Y. 387; *Waterman* v. *New York Life Ins. & Trust Co.*, 237 N. Y. 293; *Close* v. *Farmers' Loan & Trust Co.*, 195 N. Y. 92.)

LEHMAN, J.  The deed of trust is contractual in form, and the parties thereto are Edith S. Palmer, thereinafter called the settlor, the First National Bank of Yonkers, the trustee, and Edith Palmer Hart, a sister of the settlor's husband.  It is expressly made in consideration of the release by Edith S. Palmer of all her right, title and interest in certain property.  The purpose of the deed is recited in the preamble: " Whereas the party of the first part desires to create a trust fund for the use, support and benefit of the persons hereinafter mentioned." The persons thereinafter mentioned in the deed of trust are Edith Palmer· Hart, Leslie R. Palmer, the settlor's husband, and Wayne Palmer, the settlor's son.

To carry out the purpose set forth in the preamble, the settlor has by the deed of trust conveyed certain property to the trustee, to be held " during the natural lives of said Edith Palmer Hart and of Wayne Palmer, son of said Leslie R. Palmer, or the survivor of them." The settlor irrevocably parted with the ownership of that property.  After termination of the trust, the property could in 'no event revert to the settlor.  The provisions in the deed of trust for the disposition of the income are set forth and summarized in Judge KELLOGG's opinion. There is no need to repeat them here.  None of the income is reserved in any contingency for the settlor.  Express provision is carefully made for the division of the income, so long as either Edith Palmer Hart or Leslie R. Palmer survive.  So long as Edith Palmer Hart remained alive, she was to receive the sum of $1,500 each year.  So long as Leslie R. Palmer remained alive, he was to receive the remainder of the income during the continuance of the trust, after deducting the insurance premiums on policies on his life in favor of Wayne, his son.  If Leslie R. Palmer should die before Edith Palmer Hart, the income payable to him was to go to Wayne, if living, or to his lineal descendants *per capita*.  There is no express provision for the disposition of the income in case Leslie R. Palmer

should survive Edith Palmer Hart and die before his son, Wayne Palmer. The problem presented is whether there is an implied provision that after the death of both Leslie R. Palmer and Edith Palmer Hart the entire income should be paid to Wayne Palmer, the only surviving beneficiary named in the deed of trust.

The trust remains in existence during the lifetime of Wayne Palmer. During the existence of the trust the trustee must pay the income to someone. To whom that income shall be paid depends upon the construction of the deed of trust, read in the light of the surrounding circumstances. If, so read, the intention of the settlor, to provide that in every contingency the income payable to Leslie R. Palmer during his lifetime should be paid after his death to his son Wayne Palmer, clearly appears, then that intention must be given effect. On the other hand, if the deed of trust does not provide either in express terms or by fair implication that the income of the trust should be paid to Wayne Palmer, in the event that Leslie R. Palmer survives Edith Palmer Hart but dies before Wayne Palmer, then that income is undisposed of during the life of Wayne Palmer and must be paid in accordance with the provisions of law governing undisposed income.

I concede that we cannot dispose of the income in accordance with our own view of what the settlor would have intended if she had thought of this contingency, unless that intention is disclosed on the face of the instrument itself. I concede further that we cannot transpose names, as suggested by the Appellate Division, in order to arrive at the intention. We transpose words or names or clauses only for the purpose of giving grammatical expression to an intention that otherwise appears from the instrument itself. The courts cannot rewrite instruments; their function is confined to construction. None the less, when an intention clearly appears on the face of the instrument, the courts should not defeat that

intention by any rules of grammar or rhetoric. Here it seems to me that the trust deed itself by clearest implication declares the intention of the settlor that her son should have the income during his life.

The recital in the deed shows that the trust was for the benefit of three named beneficiaries. The settlor expressly provided for the share of the income which Edith Palmer Hart should receive during her lifetime. The settlor made express provision for the income which Leslie R. Palmer should receive during his lifetime, and that if he died before Edith Palmer Hart the share of the income payable to Leslie R. Palmer should be paid to his son, Wayne Palmer. Thus there is express provision for every contingency except the one contingency that during the continuance of the trust both Edith Palmer Hart and Leslie R. Palmer would die. The settlor could hardly have overlooked that contingency, for the trust could not terminate until the death of Wayne Palmer, and the other beneficiaries were Wayne Palmer's father and aunt. It is inconceivable that the settlor should have forgotten that this contingency might happen when she made the deed of trust. Failure to make express provision for the payment of income in that contingency loses significance under these circumstances. The settlor provided expressly only for the contingencies which would postpone enjoyment of income of the trust in whole or in part by Wayne Palmer until both aunt and father were dead. There was no need for express provision after the death of both, for the whole deed of trust is instinct with the intention that except as provision was made for the other specified beneficiaries, both principal and income should go to Wayne Palmer. Even without the provision for the payment of " premiums on policies of insurance on the life of Leslie R. Palmer for the benefit of said Wayne Palmer, son of Leslie R. Palmer, said policies being in the sum of $30,000, and the amount thereof to be added to this trust fund upon the death of Leslie R. Palmer," that

intent would be plain. With that provision, it seems to me there can be no possible basis for other construction of the deed of trust.

For these reasons the judgments should be affirmed, with costs.

KELLOGG, J. (dissenting). The defendant Edith S. Palmer made a conveyance of a one-half interest in certain property to First National Bank and Trust Company of Yonkers, the plaintiff, to be held by it upon certain trusts. The beneficiaries of the trust were Leslie R. Palmer, the husband of Edith S. Palmer, Edith Palmer Hart, the sister of Leslie R. Palmer, Wayne Palmer, the son of Leslie and Edith S. Palmer, and the lineal descendants of Wayne. The trust was to endure during the natural lives of Edith Palmer Hart and Wayne Palmer. Edith S. Palmer likewise conveyed to the plaintiff the remaining half of said property, to be held in trust on like terms, except that the other son of Leslie and Edith Palmer, Richard Palmer, was named as beneficiary instead of Wayne Palmer, and the trust was limited to continue during the lives of Edith Hart and Richard. The wording of the two instruments of conveyance is precisely the same, except that where the name of Wayne Palmer appears in the one, the name of Richard Palmer appears in the other. We shall follow the course pursued below and construe the instrument in which the name of Wayne Palmer appears.

The instrument, thus selected, provides that the trustee shall hold the property, collect the interest, income and profits, and pay over the same as follows: " To Edith Palmer Hart the whole of said interest, income and profits as long as she may live, provided they do not exceed the sum of Fifteen Hundred Dollars ($1,500) a year; if they exceed the said sum of Fifteen Hundred Dollars ($1,500) a year, to pay over to said Edith Palmer Hart the sum of Fifteen Hundred Dollars ($1,500) a year, and out of the remainder of the income to pay premiums on policies

of insurance on the life of Leslie R. Palmer for the benefit of said Wayne Palmer, son of Leslie R. Palmer, said policies being in the sum· of Thirty Thousand Dollars ($30,000), and the amount thereof to be added to this trust fund upon the death of Leslie R. Palmer, provided this trust be then in existence; to pay the remainder of the said interest, income and profits to Leslie R. Palmer during his life, provided this trust be in existence during said period; if the said Leslie R. Palmer should die before said Edith Palmer Hart, to pay over the remainder of such interest, income and profits to said Wayne Palmer if he is living at such death of Leslie R. Palmer, and, in case of the death of both Leslie R. Palmer and Wayne Palmer prior to the death of Edith Palmer Hart, to pay over the said remainder of such interest, income and profits to the lineal descendants of said Wayne Palmer, if any, *per capita*. Upon the death of said Edith Palmer Hart, prior to that of the said Wayne Palmer, and if the said Leslie R. Palmer is living at the time of such death of Edith Palmer Hart, after paying insurance premiums as aforesaid, to pay over the remainder of said interest, income and profits to Leslie R. Palmer during the life of said Wayne Palmer; if said Leslie R. Palmer is dead at the time of such death of Edith Palmer Hart, to pay the whole of said interest, income and profits to Wayne Palmer during his life."

It is thus provided that while all the named beneficiaries are living, Edith Palmer Hart during life is to be paid $1,500; insurance premiums on policies on the life of Leslie Palmer in favor of Wayne are next to be paid; and the balance of the income is to be paid to Leslie R. Palmer for life. If Leslie should die before Edith Hart, the income previously payable to him is to be paid to Wayne, if living, if not, to the lineal descendants of Wayne, *per capita*. If Edith Palmer Hart dies before Leslie and Wayne, her annual share, after the payment

of premiums, is to be paid to Leslie, during the life of Wayne. If Leslie is then dead, the whole income shall be paid to Wayne during life. It will be noted that, if Edith Hart dies first, Leslie Palmer dies second, and Wayne survives both, there is no provision disposing of the income which has been enjoyed by Leslie, and yet the trust will continue until the death of Wayne.

Of course, it is not enough that a testator or settlor of a trust should entertain a definite intent to make a gift; there must be expression in written words of that intent; otherwise there is no gift.   Learned text writers have expressed the thought in differing words: " Conjecture is not permitted to supply what the testator has failed to indicate." (1 Jarman on Wills [7th ed.], p. 428.)  " There must be no addition to the text of what is not in it." (Thayer's Preliminary Treatise on Evidence, p. 412.)  " Implications in a will are, indeed, often rendered necessary by mistakes of omission.   Still, the two things are plainly different; an implication construes the will as it is; a rectification amends and alters it." (Wigram on Wills [O'Hara 2d ed.], pt. II, p. 41.)  " On the other hand, where a blank space represents a failure to make a final expression of will, the act is incomplete; to supply declarations of intention would be to set up a rival will; there can be no interpretation for there is nothing to interpret." (Wigmore on Evidence, § 2473.)  " To interpret a legal writing is, therefore, first to collect the intent, to discover the writer's meaning; secondly, to ascertain that that meaning is expressed sufficiently." (Thayer's Treatise, appendix C, p. 581.)

In *Central Union Trust Co.* v. *Trimble* (255 N. Y. 88, 91, 93, 94) these facts were considered: Edward R. Thomas made a deed of trust, transferring securities of the par value of $647,000, then yielding an annual income of $50,000, with directions to pay the income to Robert Livingston Beeckman during life.   The deed provided:

" If said annual income shall exceed said sum of $50,000, the excess shall be paid to the settlor." If Beeckman died first the whole income should be paid to the settlor during life. No express provision was made as to the disposition of any excess income if the settlor died first. The settlor did in fact die first and there was income in excess of $50,000. It was argued that there was an implied gift of the surplus income to the executors of the settlor. The court held otherwise, and directed the income to be distributed to the person presumptively entitled to the next eventual estate, as provided by Real Property Law (Cons. Laws, ch. 50), section 63; Personal Property Law (Cons. Laws, ch. 41), section 11. The court, writing through POUND, J., said: " Processes of construction may not be resorted to for the purpose of reading into the trust deed an intention not expressed or legitimately to be implied from the language used when construed in the light of the surrounding circumstances. We are to search, not for the probable intention of the settlor merely, but for the intention which the trust deed itself, either expressly or by implication, declares." Again, it is said: " It is a trite saying that rules of construction are to be applied only to interpret language of ambiguous or doubtful meaning. Here the omission is obvious and the legal implication therefrom inevitable."

No pretense is made in this case that an intention to give the income of the trust to Wayne Palmer, after the death of Edith Hart and the subsequent death of Leslie Palmer, is embodied in words contained in the deed of trust. The argument is that the settlor, having given the income, previously shared by Leslie, in case of his death before the death of Edith Hart, to Wayne Palmer, must have intended to make the same gift, in case Leslie died after Edith. This is merely to say that had the settlor thought of it he would have made the gift; in other words, his failure to express his intent was a mere omission. Certainly, the expression of such an intent

may not be traced to any set of words used by the settlor. We may not supply them to make good the clear omission.

In the deed of trust, wherein Wayne Palmer is a beneficiary, the instrument provides that on the termination of the trust by the death of Edith Hart and Wayne Palmer, the principal of the trust, if Leslie be not alive, shall pass to the children, grandchildren and great-grandchildren of Wayne Palmer. In the deed of trust, in which Richard Palmer is beneficiary, provision is made that, in the same event, the principal shall pass to the children, grandchildren and great-grandchildren of Richard. Both Wayne and Richard are infants and have had no children. Therefore, the provisions of Real Property Law, section 63, and of Personal Property Law, section 11, to the effect that in like cases the undisposed income must pass to the " persons presumptively entitled to the next eventual estate," cannot apply, since the persons who might be so entitled are not now in existence. Pending the arrival of a time when there might be such person, the undisposed income must be paid to the settlor. ( *United States Trust Co.* v. *Soher,* 178 N. Y. 442.)

The judgments of the Appellate Division in the two cases should be reversed, with costs in this court and the Appellate Division, and the judgments of the Special Term affirmed.

CRANE, O'BRIEN and HUBBS, JJ., concur with LEHMAN, J.; KELLOGG, J., dissents in opinion in which POUND, Ch. J., and CROUCH, J., concur.

Judgment affirmed.