In the Matter of the Estate of EDITH KANE, Deceased.

Surrogate's Court, New York County, December 26, 1936.

*Laughlin, Gerard, Bowers & Halpin,* for the petitioner, accounting trustee.

*Jackson, Fuller, Nash & Brophy,* for Daphne Kane Salmona, granddaughter, respondent.

*Hill, Lockwood & Redfield,* for Florence B. Kane, granddaughter, respondent.

*J. Harlin O'Connell,* for Corinne Parrott Kane, executrix, etc., of William Carson Kane, deceased son of decedent.

*Butler, Wyckoff & Reid,* for Josephine C. Carter, sole residuary legatee under the will of Henry Brevoort Kane, deceased son of decedent, and also for the Wakefield Trust Company.

FOLEY, S. In this trustee's final accounting a construction of the will is necessary in order to determine to whom the remainder of the trust is payable.

The testatrix died on November 2, 1891, survived by three sons and a daughter. By the eleventh paragraph of her will the residuary estate was divided into four equal parts. One part was given outright to each of the three sons. The fourth part was placed in trust for the benefit of the daughter, Meta Kane Cruger (subsequently Mrs. Mourichon), for life, with remainder upon her death payable to her descendants.

Mrs. Mourichon, the life beneficiary, survived the testatrix and died on July 11, 1935. She left no descendants. The will contains no express alternative disposition of the remainder of her trust.

It is an established rule of construction that where the will creates a gift for life with remainder to the issue of the life tenant and the latter dies without issue and there is no substitutional gift, the estate in remainder being undisposed of in the will passes to the heirs at law and next of kin of the testator. Intestacy in such a case must be decreed. (*Clark* v. *Cammann,* 160 N. Y. 315; *Doane* v. *Mercantile Trust Co.,* Id. 494; Davids on Wills, p. 1375.)

It is contended, however, in the pending proceeding that intestacy may be avoided by a construction based upon implication. It is urged by two of the granddaughters of the testatrix, the children of two sons who predeceased the life beneficiary, that the omission to provide for an alternative gift was an oversight on the part of the draftsman of the will and that the entire will discloses an intent to confine the estate to the descendants of the testatrix. Their theory is that we may spell out of the provisions of the residuary clause a substitutional gift by way of contingent remainder to the class of descendants living at the date of the death of Mrs. Mourichon, the life tenant. They seek to prevent the passing of

any part of the fund to persons other than descendants named in the wills of the children of the testatrix. In this connection it appears that one son died after his mother leaving a will in which he bequeathed his residuary estate to his niece. His daughter survived him. A determination of intestacy in the pending proceeding would vest his intestate share of the remainder in his niece rather than in his daughter as a descendant of the testatrix. Another son survived the testatrix, but predeceased the life tenant, leaving a daughter. By his will he bequeathed all of his property to his widow, the daughter-in-law of the testatrix. Again a determination of intestacy, it is urged, would divert a part of the fund from a descendant of the testatrix. Under the will of the daughter, Mrs. Mourichon, a French municipality is named as the sole residuary legatee and would take her share of the fund to the exclusion of the descendants of the testatrix. The grandchildren rely upon that part of the residuary clause which contains the following directions: " and in the event of any of my said children dying *before me* and not leaving any descendants, his, her or their share or shares shall be divided among the survivors of them and the descendants of such if any as shall be dead leaving issue taking *per stirpes* and not *per capita* in equal share and portions of a share respectively except that any share or portion of a share which would otherwise be payable to my said daughter Meta Kane Cruger, or she being dead to her descendants, shall be paid to my said son Grenville Kane, and to be held by him upon the same trusts as are hereinabove provided for the said Meta Kane Cruger and her descendants." (Italics mine.) They rely also upon provisions in respect of separate gifts and trusts in the will which evidence a fixed purpose on the part of the testatrix to confine the inheritance of her property to her descendants in the case of a legatee who should predecease her or upon the termination of other separate trusts, by the disposition of the remainder, of a clearly contingent nature, to her descendants.

Despite these indications of intent in respect of other gifts, it is impossible to correct the palpable oversight and omission of the draftsman in the specific trust involved here. The surrogate has striven to apply to this will the rule addressed to the avoidance of intestacy. With that object in mind, careful consideration has been given to the briefs of counsel and an extensive study made of not only the authorities cited by them but of other pertinent decisions. I find it impossible, however, to close the wide gap in the testamentary plan by an imputed intent which was neither indicated nor adequately expressed in the will. The power of the court to

reject, supply or transpose words in a will or deed of trust in order to carry out the intent of the testatrix is well recognized. (*First National Bank & Trust Co.* v. *Palmer*, 261 N. Y. 13; *Matter of Gallien*, 247 id. 195; *Ossman* v. *Von Roemer*, 221 id. 381; *Phillips* v. *Davies*, 92 id. 199; *Roome* v. *Phillips*, 24 id. 463; *Miller* v. *Gilbert*, 144 id. 68.) When the intent is discovered "the courts will not thwart it by strict and grammatical construction of particular clauses. Punctuation may, it has been said, be disregarded and phrases transposed in order to give effect to the intention of the testator. None the less, the intention must be revealed." (*Matter of Nelson*, 268 N. Y. 255, at p. 258, LEHMAN, J.)

There are two distinct lines of decisions in the Court of Appeals bearing upon interpretation by implication. In one a strict, literal and technical construction has been applied. (*Dreyer* v. *Reisman*, 202 N. Y. 476; *Central Union Trust Co.* v. *Trimble*, 255 id. 88; *Leggett* v. *Stevens*, 185 id. 70; *Matter of Winburn*, 265 id. 366.) In these cases the court has found no method of supplying the omitted matter even though strong evidence of intent in other parts of the will or deed of trust was present.

In another line of cases a liberal construction has been adopted and the intent of the testator given effect by supplying a disposition plainly omitted from the will. (*Close* v. *Farmers' Loan & Trust Co.*, 195 N. Y. 92; *Matter of Schriever*, 221 id. 268; *Matter of Gallien*, 247 id. 195; *First National Bank & Trust Co.* v. *Palmer*, 261 id. 13.) It is impossible to reconcile these two lines of decisions even upon the often quoted aphorism that a will can have no brother.

Of the first class of cases of technical interpretation there is *Dreyer* v. *Reisman* (202 N. Y. 476), where the will contained simple words of gift to the three children of the testator *nominatim*. What was given was not mentioned. Undoubtedly the testator intended to give all of his property to the three named legatees, but in the absence of an expression of what property was given, the will was held fatally defective and intestacy was found.

In *Central Union Trust Co.* v. *Trimble* (255 N. Y. 88) there was a failure to dispose of surplus income under certain contingencies. Although the construction of a deed of trust was involved rather than a will, the interpretation of the instrument was necessarily based upon the parallel rules of testamentary construction. There the court refused to supply the omission by a construction based upon implication.

In *Leggett* v. *Stevens* (185 N. Y. 70) the testator left a son and an adopted daughter. There was evidence in parts of the will, other than that specifically construed, of an intent to divide the fund between the son and the daughter. The testator or the draftsman mentioned

in the clause disposing of the remainder only the daughter and omitted through an inadvertence mentioning the son. There was a significant use of the word " equally " in the gift which would have no application to a single remainderman. Despite these illuminating circumstances, it was held that the court could not import into the will the name of the son for the purpose of effectuating the testator's probable intention.

On the other hand, there are certain recent authorities by the Court of Appeals cited above where a rule of liberal construction has been adopted. This class of cases is typified by the decision of the Court of Appeals in *First National Bank & Trust Co.* v. *Palmer* (261 N. Y. 13). In that case the Court of Appeals held in effect that the word " after " might be inserted in the deed in order to carry out the intent of the settlor of the trust.

In the present will the only direct method urged for saving the disposition of the fund from intestacy is the clause contained in paragraph eleventh quoted in full above, which provided, in substance, that in the event of any of the children of the testatrix dying *before* her, without descendants, his or her share should vest in the surviving children or the issue of deceased children. Counsel for the grandchildren assert that the will should be read as if the testatrix had said, " in the event of any of my said children dying before *or after* me." I find no indication of a purpose on the part of the testatrix in the language of this clause that its provisions were designed to cover a disposition caused by the death of the life beneficiary without issue after the death of the testatrix. The clause was clearly intended to apply at the death of the testatrix only and was not intended to affect a condition existing at the death of the life tenant. If any one of Edith Kane's children had predeceased her, substitution in the survivors or their issue was made and a complete disposition of the estate effectuated at the date of her death.

Upon the question as to whether the words " or after " may be inserted, the decision of the Court of Appeals in *Matter of Winburn* (*supra*), I hold, must control the determination. There the will created a trust of one-half of the estate for the benefit of the wife of the testator. A controversy arose over the disposition of the remainder. The dispositions in dispute were covered by two separate provisions in the will. In the one creating the trust for his wife he gave two legacies of $250,000 each to two institutions. There were certain provisions attached to the gift to one of these institutions. There was no express disposition in such part of the will (1) in the event of the failure of the institution to accept the gift subject to the condition or (2) of the balance of the trust fund.

In the following paragraph he stated that in the event of the death of his wife " before me or simultaneously with me " the trust estate created for her benefit should not go into existence. He thereupon made a complete disposition of the fund, repeating his gifts to the two institutions as legatees, attaching the same condition to the gift to one of them and directing the distribution of the balance of the fund as part of the trust estates created for his sisters under other paragraphs of the residuary clause. There was strong evidence in other parts of the will and in the residuary clause itself of the intent of the testator to make a complete disposition of his entire estate and even of the balance of the fund whether his wife died before, simultaneously or after him. The court refused to write into the will the word " after " and decreed intestacy. In referring to the instrument it was stated: " The will is his and cannot be redrafted by this court. Whatever the probabilities may be, we cannot indulge in speculation relating to his intent but must be controlled by the language of the entire will considered in relation to each part." The court was cognizant of the rule as to the avoidance of intestacy and even the power to supply omissions, yet it held that the purpose of the testator was so obscure that it could not be clarified by " straining to recognize an implication which we cannot find."

Similarly here, whether the testatrix considered the probability of her daughter surviving her and dying without descendants it is impossible to determine. The failure to provide for that contingency was clearly an omission of the testatrix or of the draftsman which cannot be rectified by mere guess, speculation or conjecture as to what the testatrix would have done had she thought of it. We may not supply a specific disposition to correct the clear omission. The fund, subject to the trust, therefore, passes as intestate property to the four children of the testatrix as her heirs at law and next of kin. (*Clark* v. *Cammann*, 160 N. Y. 315; *Doane* v. *Mercantile Trust Co.*, Id. 494.)

The trustee is directed to complete the proceeding for the fixation of the transfer tax and file evidence of the exemption from taxation or the payment of the amount of tax found to be due under an appropriate order.

Submit decree on notice construing the will and settling the account accordingly.