S. Samuel Di Falco, S.
In this accounting proceeding the trustee asks for instructions regarding the distribution of a terminated testamentary trust. The testator died in 1895. His will which was dated 1889 was admitted to probate in this court in 1897. The testator left him surviving his widow, four sons, and a daughter.
The testator left the greater part of his estate in the form of various trust funds for the benefit of his children. He provided for his wife by leaving certain assets to her outright in lieu of any other interest that she might have in his estate.
The trusts for the benefit of his sons vested upon their attaining certain ages. This did in fact happen. The trust for the benefit of his daughter was to be held for her life and upon her death the same was to be paid to the daughter’s issue and if the daughter should die without issue ‘ ‘ to pay over the share * * * to the surviving of our children in equal shares.” The daughter died on June 15, 1957 without leaving issue and surviving her four brothers. The court is urged by all parties that the intestacy be decreed as to the balance of this terminated trust in the approximate sum of $128,000.
The court finds that the said remainder has lapsed and that the property which is the subject of the trust must pass through intestacy to the estates of the five children of the testator. The shares in intestacy are determined as of the testator’s death rather than at the death of the life beneficiary (Matter of Kane, 161 Misc. 767; Clark v. Cammann, 160 N. Y. 315). The estate of the widow who survived the testator may not share for the reason that having accepted the provision of the will in lieu of all dower or other interest she is not entitled to share in the distribution of this trust fund (Matter of Silsby, 229 N. Y. 396; Matter of Hungerford, 135 Misc. 385). This will shows no intent on the part of the testator to favor his grandchildren with distribution of the remainder of the instant trust created by clause Third of his will. The testamentary plan appears to provide for . the distribution of said remainder to the issue of the beneficiary daughter and contingently to her surviving brothers. Upon failure of both contingencies the remainder must lapse and be distributed as the intestate property of the testator.
Submit decree settling the account accordingly.