Joseph A. Cox, S.
This is a proceeding brought to construe the testatrix’ will. The pertinent portion of the text requiring construction reads as follows: “ Nihth : All the rest, residue and remainder of my estate, real and personal, of whatsoever nature or description, or wheresoever situated, of which I may die seized or possessed * * * I give, devise and bequeath * * # one-third thereof to my trustees hereinafter named in trust for my daughter grace c. page, the income therefrom to be paid to her during the period of her life * * * and upon her death the said share is to be divided, share and share alike, among her issue per stirpes and not per capita.”
The testatrix died in 1918 survived by several children including her daughter, Grace C. Page, and a grandson, Horatio A. C. Pag’e, the son of Grace. Grace 0. Page had no other issue and died on June 3, 1959, her only son, Horatio, having predeceased her on July 12, 1957 without issue. The question presented for determination is whether the trust remainder was vested in Horatio and is now distributable to his estate, or whether the *245 said trust remainder was contingent, which, because of the failure of Horatio to survive the life beneficiary, must now be distributed as intestate property.
A reading of the will discloses that it was the testatrix’ intent to make a gift to a class, to wit, the issue of Grace C. Page. Although her grandson Horatio was alive at the time the will was executed no reference to him is made by name, the only allusion to him at all occurring in paragraph Fifth of the will in which the testatrix directs that the income of another trust be paid over to her daughter Grace C. Page “ for her sole and special benefit and the benefit of her child or children during the period of her life.” It is to be noted that this paragraph also concludes with a direction that the principal of the trust remaining upon the death of her daughter be distributed ‘ ‘ to her issue per stirpes and not per capita, share and share alike.” Our courts have consistently held that gifts to a class create contingent remainders as the members of the class entitled to. take cannot be determined until the trust has terminated. (Matter of Baer, 147 N. Y. 348; Clark v. Cammann, 160 N. Y. 315; Doane v. Mercantile Trust Co., 160 N. Y. 494; Matter of Kane,. 161 Misc. 767, affd. 251 App. Div. 710.) In the case at bar the testatrix apparently did not foresee the possibility that her daughter might outlive her own child or children and that her daughter’s child or children might die without issue. As a result after making the gift to her daughter’s issue the testatrix unfortunately made no alternative disposition of the remainder of the trust. In Matter of Kane (supra) Surrogate Folet stated (1 It is an established rule of construction that where the will creates a gift for life with remainder to the issue of the life tenant and the latter dies without issue and there is no substitutional gift, the estate in remainder being undisposed of in. the will passes to the heirs at law and next-of-kin of the testator. Intestacy in such a case must be decreed.”
The facts in the case at bar fall squarely within the rule of law enunciated by my learned predecessor and the court can find no reason for deviation from the rule. Had the testatrix wished to vest the remainder in her grandson Horatio, she could have done so by the simple expedient of making a gift nominatum to him. This she failed to do being concerned mainly with the comfort and care of her daughter. The court therefore holds that Horatio, the sole issue of the testatrix’ daughter Grace 0. Page, had a contingent interest in the trust remainder and that as he failed to survive the life tenant the trust remainder must now pass as intestate property to the, testatrix’ heirs at law and next of Idn.
*246 The issues raised with respect to the validity of the assignments are set down for hearing before me on the 14th day of April, 1960, at 10:30 a.m. Proceed accordingly.